H. F. McCaa, Ex'x, vs. Clara Russom et al.

1. Sale of Land to Pay Debts: *To reform deed. Case in judgment.*

McC., executrix of the will of her husband, filed a bill to sell lands to pay debts, and, as a means of obtaining a full price for the land, the bill was framed to remove clouds from the title by reason of a mistake in a deed of her testator, etc. The will did not devise the land to be sold, nor direct its sale, nor vest title in the executrix. *Held*, that upon the facts of this case the executrix did not show such title or interest in the land, in her representative capacity, as to entitle her to maintain the suit she brought.

Appeal from the Chancery Court of *Jefferson* County.

Hon. J. B. Deason, Chancellor.

The opinion of the court contains a sufficient statement of the facts in the case.

It is assigned for error: "That the court erred in rendering the final decree in the above cause, dismissing the bill of complainant, when the decree should have been for the relief prayed in the bill."

*H. Cassidy*, for appellant:

No boundaries of the 100 acres of land are given in the deed, and it is either a mistake in the deed or it is void for uncertainty. In either aspect the deed constitutes a cloud. The *nature* and *quantity* of the interest granted are always to be ascertained from the instrument itself. 3 Washb. on Real Prop., 350. The quantity granted is 100 acres of land in a tract of 440 acres. See 3 Washb. on Real Prop., 344; Peck *v.* Wallace, 10 N. Y. (6 Selden), 509; Brown *v.* Guice, 46 Miss., 299.

*J. W. Ellis*, for appellees:

Appellant filed her bill to sell real estate, under § 1153, Code 1871, and in her amended petition she changes her ground of application, and proceeds under § 1148. To remove cloud she must have a clear legal or equitable title. 37 Miss., 616; 44 ib., 654. The boundaries are fixed and clearly defined, and they must control. Washb. on Real Prop., 364; 3 Ohio, 283. When we leave the boundaries all is uncertainty. 48 Miss., 251, 255; 46 ib., 299. And again, the title to the property cannot be litigated in a proceeding of this kind.

*Per curiam*:

Appellant, as executrix of the will of D. McCaa, exhibited her bill, in the chancery court of Jefferson county, to sell a certain tract of land, on the ground that it was necessary for the payment of debts of the decedent, and, as a means to the end of obtaining a full price for the land thus sought to be sold, she framed the bill with a view to remove a cloud from the title, which exists in the shape of a deed made by her testator, by which he conveyed this land, by metes and bounds, to Clara.

Apr. T. 1876.]   McCaa, Ex'x, vs. Russom et al.          641

Opinion of the court.

Russom, calling it 100 acres, when in fact it is a tract of 440 acres. The bill avers that only 100 acres were intended to be conveyed to Clara Russom, and that 340 acres of this tract are subject to sale, but that Clara Russom claims the 440 acres, and the prayer is to reform the deed under which Clara Russom claims, so as to limit her claim to 100 acres and disembarrass the other of her claim, and to sell it. The bill shows that testator left much other real estate. The will does not devise the land to be sold, nor direct its sale, nor vest title in the executrix. On final hearing the chancellor dismissed the bill, and in this he did right, for the executrix, as such, has no right, upon the facts of this case, to maintain this bill to remove clouds from the title, or to reform the deed to Clara Russom, as having been made by mistake to embrace the whole tract when it was intended to embrace only a part. We are convinced that it is highly probable that a mistake was made in the deed, and if there was no other land to which to resort for the payment of debts, and the sale of this was shown to be necessary for that purpose, or a decree of sale had been made on proper proceedings, we might hold that the executrix, as such, had such title or interest in the land as to entitle her to maintain a bill to reform the deed or disembarrass the title of the land. All we decide is that, upon the facts of this case, the executrix did not show such title or interest in the land, in her representative capacity, as to entitle her to maintain the suit she brought.

Decree affirmed.