FLY & HOBSON v. T. O. KING, USE, ETC.

SUPREME COURT.   *Nominal plaintiff.   Immaterial error.   Right result.*

> Where a correct result has been reached, a judgment will not be reversed
> on objection for the first time in this court, that the action, being for the
> use of one, was prosecuted in the name of a wrong nominal plaintiff.
> *Elson* v. *Barrier*, 56 Miss., 394.

FROM the circuit court of Tunica county.

HON. R. W. WILLIAMSON, Judge.

Appellants, Fly & Hobson, recovered before a justice of the peace a judgment against W. A. Spratlin, and caused execution thereon to be levied upon a county warrant for $110.50 owned by him. Thereupon, Spratlin notified the sheriff, in writing, that he claimed the warrant as exempt under § 1249, code 1880, which allows every person, being a householder and having a family, residing in any city, town or village, to hold as exempt, in lieu of the articles specified, personal property, to be selected by him, not to exceed in value $250. The plaintiffs executed an indemnifying bond, in accordance with § 1245, code 1880, payable to the sheriff, and the latter proceeded to sell the warrant under the execution, and applied the proceeds to the satisfaction in part of the judgment.

This is an action on the said indemnifying bond, brought for the use of W. A. Spratlin, in the name of the coroner of Tunica county, the sheriff having meantime died, and there being no deputy. Before a trial of the cause, T. O. King became sheriff of said county, and, by leave of court, was substituted for the coroner as nominal plaintiff, and the cause proceeded to a trial, which resulted in a judgment for plaintiff for double damages, as provided by § 1246, code 1880. Defendants, Fly & Hobson, the principals in the indemnifying bond, appeal.

*St. John Waddell, Jas. R. Chalmers* and *Johnston & Johnston*, for appellants.

The bond of indemnity was given to the sheriff, and, at his death, the legal title and right to sue passed to his personal representatives, instead of to his successor. The judgment cannot be legally maintained, since the nominal plaintiff has no connection, either legal or equitable, with the obligation sued on. It makes no difference that the action was for the use of the person beneficially interested. The objection is not cut off by the verdict and judgment, or cured by the statute of jeofails. As there was no right of action in the coroner or in King, the sheriff, the judgment must be reversed. See *Lake* v. *Hastings*, 24 Miss., 490, citing 10 Smed. & M., 452, 585, and 13 *Ib.*, 43; *Haynes* v. *Ezell*, 25 Miss., 242; *Beck* v. *Rosser*, 68 *Ib.*, 72.

The statute of jeofails cannot be extended to make out a new and distinct cause of action, although connected with the one declared on. *Hamer* v. *Rigby*, 65 Miss., 41.

*F. A. Montgomery, Jr.,* for appellee.

If there ever was any merit in the objection as to the nominal plaintiff, it is now too late to raise the question. There was no demurrer to the declaration or motion in arrest of judgment, and the objection is made in this court for the first time. The irregularity, if it be such, is cured by the statute of jeofail. *Grubbs* v. *Collins*, 54 Miss., 485; *Trustees* v. *Gilman*, 55 *Ib.*, 148; *Noble* y. *Terrell*, 64 *Ib.*, 830.

Cooper, J., delivered the opinion of the court.

No objection was made in the court below to the prosecution of this suit in the name of King, the nominal plaintiff. A correct result having been reached, the judgment will not be reversed on the objection, for the first time taken here. *Elson* v. *Barrier*, 56 Miss., 394.

*Affirmed.*