EMIL A. STAHN, RESPONDENT, v. C. D. HALL AND OTHERS, APPELLANTS.

1. ACTION TO REFORM DEED.—ADMISSIBILITY OF TESTIMONY.—In an action to reform a deed which includes, in addition to the lands intended to be conveyed, certain other land alleged to have been conveyed by mutual mistake; for the purpose of showing that such land was not intended to be conveyed the court admitted in evidence "option contracts" which formed the basis of the whole transaction, and in pursuance of which the deed was made, containing a description of the land which plaintiff alleged was intended to be conveyed, but no description of or reference to the land alleged to have been conveyed by mistake. *Held*, no error.

2. FINDINGS OF REFEREE.—CONCLUSIVENESS ON APPEAL.—Where the trial court adopts the findings of a referee who heard the evidence and had an opportunity to observe the several witnesses on the stand and to notice their conduct and bearing, the judgment will not be disturbed, notwithstanding a conflict of evidence, in the absence of a clear showing that there is a mistake or oversight which materially affects substantial rights.

3. ACTUAL POSSESSION IS ACTUAL NOTICE.—CAVEAT EMPTOR.— Though the defendants, who were not made grantees in the deed, but who subsequently purchased from the grantees an interest in the land described therein, had no actual knowledge of the mistake, they are still chargeable with actual notice of plaintiff's equities in the land in controversy, where plaintiff was in actual possession of it at the time they made the purchase and they did not seek him to ascertain the actual state of the title. *Live Stock Co.* v. *Dixon, ante,* followed.

(No. 481. Decided July 27, 1894. 37 P. R. 585.)

APPEAL from the District Court of the Fourth Judicial District. Hon. James A. Miner, *Judge.*

Action by Emil A. Stahn against C. D. Hall and others to reform a deed. From a judgment for plaintiff confirm-

ing the report of M. D. Lessenger, referee, defendants appeal. *Affirmed.*

*Mr. James N. Kimball,* for appellants.

*Mr. John E. Bagley* and *Messrs. Maloney & Perkins,* for respondent.

BARTCH, J.:

The plaintiff claims that, in a certain warranty deed made and executed by him and his wife on the 2d day of May, 1890, to the defendants H. B. Westover, George J. Kelly, and C. D. Hall, there was inserted in the description therein, among several other parcels of land, a certain parcel, by mutual mistake; that there was no intention on the part of the grantor to convey, nor on the part of the grantees, to purchase, the parcel of land so erroneously included in the description of the other lands contained in the deed. The defendants refusing to convey, he brought this action to reform the deed, and asked that it be set aside and held for naught, so far as the land so erroneously conveyed is concerned. The case was tried before a referee, and upon judgment being rendered in his favor, and a motion for a new trial having been denied by the court, the defendants appealed. The defendants Ille and McMillan were not named as grantees in the deed, but it is claimed they were parties to the original transaction, and had full knowledge of the land which was intended to be conveyed, and in a short time thereafter their interest therein was evidenced by deeds from the other defendants. Among other facts, the referee found, substantially, that when the deed of May 2, 1890, was executed and delivered, neither of the defendants knew that the land in controversy was described therein, nor intended it to be a part of the land conveyed; that

26

the mistake of so including it was mutual between the plaintiff and the defendants; that the deed was made in pursuance of, and based wholly on, certain optional contracts made between the plaintiff and the defendant Westover, neither of which contained a description of the land in controversy; that the plaintiff continued in the possession of the land in question, and did not know of the mistake until a few days before bringing this suit; that it was through the mistake, inadvertence, and oversight of one Nelson, who prepared the deed, that the land in controversy was included; that, while the deed was made to the grantees therein named, yet McMillan was an original purchaser, defendant Westover having taken title in his name in trust for McMillan, who had full and actual notice thereby of the equities of the plaintiff; that, when defendant Ille purchased his interest in the land conveyed, the plaintiff was in the actual possession of the land in controversy, and was cutting lucerne therefrom, and had a fence and haystacks thereon; that the plaintiff never received any consideration for the land in question from the defendants.

The first contention of counsel for the appellants is that the court erred in admitting in evidence the optional contracts mentioned in the findings of fact, and it is insisted that the land in question is not referred to in either of these contracts. It is evident that these contracts were not introduced in evidence for the purpose of making any reference to the land in question, but for that of showing the intent of the parties as to what land should be conveyed by the plaintiff. It is apparent from the record, and the referee so found, that these contracts constituted the basis of the whole transaction, and the fact that the land in question was not referred to in either of them, while the land to be conveyed was properly referred to in each of them, if not a strong inference, is at least a cir-

cumstance tending to show, that it was not intended to be conveyed by deed. For such purpose the contracts were admissible, because if the land in question was not intended to be conveyed, and yet was described in the deed, the inference would naturally be that it was so described by mistake or inadvertence. They were written instruments calculated to aid the court in arriving at the real intent of the parties, and were therefore admissible. Pom. Eq. Jur. § 859. There are a number of other points made on the admissibility of testimony, but we think none of them are sufficient to disturb the judgment.

The further point is also made that the evidence is insufficient to justify the findings of the referee. While there appears to be some conflict in the evidence, yet it seems clear and certain therefrom that the material allegations of the complaint are substantially sustained. The findings of fact having been adopted by the court, and the referee having heard the evidence, and having had an opportunity to observe the several witnesses while on the stand, and notice their conduct and bearing, this court will not disturb the conclusions reached, in the absence of a clear showing that there is a mistake or oversight which materially affects the substantial rights of the appellants. *Mining Co.* v. *Haws,* 7 Utah, 515, 27 Pac. 695; *Wells* v. *Wells,* 7 Utah, 68, 24 Pac. 752; *Dooly Block* v. *Salt Lake Rapid Transit Co.,* 9 Utah, 31, 33 Pac. 229. It is clear that, under the circumstances of this case, the defendants named as grantees in the deed were chargeable with notice of the equities of the plaintiff; and, even if it were conceded that defendants McMillan and Ille had no actual knowledge of the mistake in the deed at the time of their purchases, they are still chargeable with actual notice of the plaintiff's equities, because the plaintiff at that time was in the actual possession of the land in controversy, and such possession was actual notice to all the world.

These defendants therefore purchased at their peril, for it is not shown that they sought the plaintiff, to ascertain the actual state of the title.   See *Live-Stock Co.* v. *Dixon* (decided at this term), 37 Pac. 573; *Toland* v. *Corey,* 6 Utah, 392, 24 Pac. 190.   It is evident from the facts shown that the land in question was conveyed by mistake, and that the plaintiff is entitled to equitable relief.   There appears to be no reversible error in the record.   The judement is affirmed.

MERRITT, C. J., and SMITH, J., concur.