JOHN G. BEASON, EXECUTOR *v.* HENRY M. COLEMAN ET AL.

[46 South., 49.]

1. EQUITY.  *Cancellation of deed.  Parties.*

   Persons whose interests are· in no way affected by a suit in equity
   to cancel a deed, are not necessary parties thereto.

2. SAME.  *Appeal.  Error waived.  Supreme court practice.*

   A suit in equity to vacate a mistakenly executed deed as a cloud
   upon title to land, instituted by the executor of the grantor's will
   to whom a reversionary interest in the land is devised, will not
   be dismissed by the supreme court for want of interest in the
   complainant, the point not having been made in the chancery
   court.

FROM the chancery court of Lauderdale county.

HON. JAMES L. MCCASKILL, Chancellor.

Beason, executor, appellant, was complainant in the court be-
low; Coleman and others, appellees, were defendants there.
From a decree in defendants' favor the complainant appealed
to the supreme court.

The bill charged that the complainant is executor of the last
will and testament of W. R. Beason, deceased; that testator
died seised and possessed of lands, which by the terms of his last
will and testament he bequeathed to his widow, Mrs. Elizabeth
Beason, during her life and at her death to be sold and the pro-
ceeds divided among complainant and other devisees named;
that Mrs. Beason, the widow, is still living; that on the 18th day
of December, 1889, the deceased executed and delivered a deed
to Henry M. and P. E. Coleman, defendants, whereby the N. W.
$\frac{1}{4}$ of the S. W. $\frac{1}{4}$ of section 13, township 7, range 15 E., was con-
veyed; that at the time said deed was executed it was the inten-
tion of the parties that the N. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of said section,
township, and range should be conveyed to defendants, and that
the erroneous description was inserted in the deed by mistake;
that on the 15th day of August, 1901, the deceased and the de-

fendants attempted to correct the mistake, and another deed was executed by deceased, which conveyed to defendants the N. E. ¼ of the S. W. ¼ of said section, township, and range, and that this description was by mistake also erroneous; that on the 30th day of September, 1901, a correct deed was executed by deceased, conveying to defendants the N. W. ¼ of the S. E. ¼, in accordance with the mutual intention and agreement of the parties; that on the 20th day of November, 1889, a deed was executed by W. R. Beason, complainant's testator, to D. C. and M. Torrence, conveying the N. E. ¼ of the S. W. ¼ of said section, township, and range. The bill prayed that the deed executed by W. R. Beason, complainant's testator, to defendants on the 18th day of December, 1889, purporting to convey the N. W. ¼ of S. W. ¼ of section 13, township 7, range 15 E., be canceled as a cloud upon complainant's title. To this bill a demurrer was interposed, because the bill did not show certain deeds executed by the widow of the deceased on September 21, 1903, conveying all three of the tracts of land herein described to the defendants, and because D. C. and M. Torrence are not made parties to the bill. The demurrer was sustained by the court, and the bill dismissed. In the supreme court the appellees for the first time raised the question of appellant's right as executor to institute and maintain the suit to remove the cloud from title to land.

*Williamson & Gilbert,* for appellant.

The demurrer raises the proposition that it was necessary to show certain deeds from the widow of the testator; we submit that this was unnecessary, for the reason that any deed she might have given after the death of her husband could have operated only to convey her life estate, that being her only estate in the lands by virtue of the will of her husband. The widow Elizabeth Beason was not a necessary party to the suit for the reason that the bill does not seek to cancel any deed she made subsequently to the death of the testator, or prior to his death, therefore she has naught to do with this suit or its results.

The demurrants also complain because D. C. and M. Torrence are not made parties. The bill does not seek to affect or challenge the rights of said persons in any way under the deed referred to, but alleges, in order to strengthen the allegation of the mistake of the parties in describing the land conveyed on the 5th day of August, 1901, when the deed described the N. E. ¼ of the S. W. ¼ sec. 13, T. 7, range 15 E., that the identical land had been by the testator twelve years previous conveyed to D. C. and M. Torrence.

The bill does not seek the cancellation of more than one deed, and that is the deed dated December 18th 1889, purporting to convey title to the N. W. ¼ of the S. W. ¼ sec. 13, T. 7, range 15 E.

If the prayer of the bill should be granted, and a decree rendered cancelling and annulling the deed purporting to convey the N. W. ¼ of the S. W. ¼ sec. 13, T. 7, range 15 E., the reversionary interest in the land would be clear, and subject to sale by the executor under the provisions of the last will and testament of W. R. Beason, deceased, and the proceeds thereof divided according to the terms of the will, among the legatees therein named. If the deed is not annulled and cancelled the appellees are at liberty to sell the land at any time to a *bona fide* purchaser and thereby do injustice to the legatees.

There is no ground of demurrer challenging the right of the executor to sue in this instance; this was not argued on the hearing of the demurrer, but has been raised by counsel for appellees since the decree was rendered dismissing the bill and the first time on this appeal.

*Brahan & McCants,* for appellees.

The action of the learned chancellor in sustaining the demurrer to the original and amended bills was right and proper and as leave was not asked by counsel to file another amended bill it was proper, for the court to dismiss the same. The will of Beason did not devise the land to be sold, nor direct its sale,

nor vest title in the executor; and the executor did not have such title or interest in the land in his representative capacity as to entitle him to maintain the suit he brought.    See *McCaa* v. *Russom,* 52 Miss., 639, and brief for appellees in that case. This was one of the reasons assigned by the court for sustaining the demurrer and counsel argue that it was not specially assigned in the demurrer, and, therefore, was improper; but appellate courts frequently approve such action of trial courts on demurrers, and affirm decrees on grounds not raised or considered by the lower court.

MAYES, J., delivered the opinion of the court.

The only deed sought to be canceled is the deed of W. R. Beason to Henry M. and P. E. Coleman to the N. W. ¼ of the S. W. ¼, section 13, township 7, range 15 E., of date December 18, 1889, which it is claimed was made by a mutual mistake of the parties.    The demurrer admits this fact, and, if so, the deed is a cloud on the title of the property.    This being the case, and because neither the rights of Mrs. Elizabeth Beason, nor those of D. C. and M. Torrence, are to be affected in any way, it was not necessary to make them parties to this proceeding. It is true that Mrs. Elizabeth Beason, by deed of date September 21, 1903, attempted to and did convey to Henry M. and P. E. Coleman this identical property; but it is not sought to cancel any interest conveyed by this deed from her to them, nor is this deed to be affected in any way by this suit, that not being the purpose of the suit.    The deed of Mrs. Beason purports to convey a fee simple; but under the terms of the will she has no right to make title to anything but a life interest in this property, since her estate is limited to that.    But with this we have no concern in this suit.

The only other question in the case is whether or not John G. Beason, as executor, could institute this suit and remove the cloud upon this title by canceling the deed executed by W. R. Beason, by mistake, to Henry M. and P. E. Coleman.    In the

92 Miss.—40.

case of *McCaa, Ex'x,* v. *Russom et al.,* 52 Miss., 639, it was held under the facts of that case, the court being careful to limit its decision to the particular case, that the executrix could not file a bill to remove cloud from the title by reason of a mistake in a deed made by the testator, where the title to the real estate was not vested in the executrix by the will for sale or otherwise. In the case now under consideration the complainant has an interest both as a devisee under the will and as executor. On the trial in the court below no objection was made as to his right to institute this suit, and it is urged here for the first time, and under the facts in the case comes too late. The interest which the executor is undertaking to protect is not antagonistic to the interest of any heir or devisee under the will; but he is endeavoring to protect and conserve the rights of all parties in interest. No party in interest not made a party complainant in the suit is indispensable to a decision in this case upon its merits, and a decree in the case will protect the interest of all concerned. The contention, under the facts of this case, that the complainant, as executor, has no right to bring this suit, may be correct, if we treat the suit as a suit by the executor merely; but it comes too late, and the objection will be treated as waived by the defendants. Of course, in any case where the subject-matter of the litigation was such that a final decree could not be made without materially affecting the interest of parties not before the court, it would make no difference when the objection might be taken so far as its effectiveness would be concerned. In truth, in a proper case, the court would take notice of the want of proper parties of its own motion; but such a case is not made here.

We think the court erred in sustaining the demurrer. *Gerard* v. *Bates,* 124 Ill., 150, 16 N. E., 258, 7 Am. St. Rep., 350; *McDonald* v. *St. Paul,* 82 Minn., 308, 84 N. W. 1022, 83 Am. St. Rep., 428; *Fly* v. *King,* 71 Miss., 537, 14 South., 465.

*Reversed and remanded.*