# Page *v.* Whatley.

## *Reformation of Deed.*

(Decided June 10, 1909. 50 South. 116.)

1. *Reformation of Instrument; Deeds; Mistake; Degree of Proof.* —Reformation of an instrument is granted only when error certainly appears. Never on a mere probability or preponderance of the evidence.

2. *Same; Bill.*—A bill to reform a deed because of mistake must allege the mistake which must be proven by clear, exact and satisfactory evidence.

3. *Deeds; Mistake.*—It was shown that the description did not include the lands intended to be described nor those actually sold, and it was also shown that the land contracted to be sold was taken possession of by complainant and inclosed. Part of the land described in the deed in excess of the land described in the bill was never intended to be sold, and the plaintiff took possession of only the lands which both he and defendant intended should be sold, the only mistake being in the measurement of the distance. Held, reformation of the deed was properly ordered.

4. *Boundaries; Description.*—Distances in a description of land always yield to fixed boundaries clearly and certainly established.

APPEAL from Houston Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by T. J. Whatley against Monroe Page to reform the description in a deed. Decree for complainant and respondent appeals. Affirmed.

A. E. PACE, and R. D. CRAWFORD, for appellant. Presumption always is that a written instrument expresses the true intent of the parties, and one desiring relief must furnish clear and satisfactory evidence in order to reform a written instrument.—*Hough v. Smith,* 132 Ala. 204; *Kilgore v. Redmill,* 121 Ala. 485; 24 A. & E. Ency. of Law, 650. Until the mistake is made to appear beyond reasonable controversy, the writing must remain the sole expositor of the intent and agreement of

the parties.—119 Ala. 333; 95 Ala. 467; 82 Ala. 570; 86 Ala. 232; 63 Ala. 488. The court resolves against the complaining party whatever doubt or uncertainty the evidence may generate.—*Campbell v. Hatchett,* 55 Ala. 548; *Alexander v. Caldwell,* 55 Ala. 517.

ESPY & FARMER, for appellee. The facts in this case measure up to the requirements of all and satisfactory proof in this character of cases.—*Weathers v. Hill,* 92 Ala. 492; *Blackburn v. Perkins,* 138 Ala. 305; *Berry v. Sowell,* 72 Ala. 14; *Tillis v. Smith,* 108 Ala. 264.

MAYFIELD, J.—This is an appeal from a decree in the chancery court of Houston county, reforming a deed made by appellee to appellant, on the ground of mistake.

Equity grants reformation of deeds only when error certainly appears, and never upon a mere probability or a mere preponderance of evidence.—*Hough v. Smith,* 132 Ala. 204, 31 South. 500; *Kilgore v. Redmill,* 121 Ala. 485, 25 South. 766; *Dexter v. Ohlander,* 95 Ala. 467, 10 South. 527. A complaint to reform a deed because of mistake must allege a mistake and prove it by clear, exact, and satisfactory evidence. We have carefully examined the evidence shown by the record, and we concur in the finding and decree of the chancellor that the plaintiff was entitled to the relief under the pleadings and proof, and that there was no error in the finding of the chancellor, in the rendition of the decree, or in any other assignment of error, available as a reversal in this case.

We hold that it is shown beyond dispute by the evidence in this record that the description in the deed does not describe the lands intended by the parties to be described, nor the lands that were actually sold by

appellee to appellant.   While it is uncertain whether
the error was the fault of the appellant, or of the appel-
lee, it is certain that the description is erroneous, and
that it was the fault of one or both.   While the proof
does not show, beyond a reasonable doubt, that the
lands described in the amended bill, and surveyed and
measured, and testified to, by the appellee and the wit-
ness who assisted in the measuring of the distances,
were the lands actually intended to be conveyed and
contracted to be sold by the parties, yet it does, in con-
nection with all the other evidence, conclusively show,
and furnish sufficiently clear and satisfactory evidence,
that the lands they measured, and described in their evi-
dence, were the lands contracted to be sold, which were
taken possession of by the grantee and inclosed by him,
soon after the contract of sale, and continued to be pos-
sessed and inclosed by him up to the time of the trial.

It also conclusively appears that that part of the lands
described in the deed in excess of that described in the
amended bill was never by the parties intended to be
sold or conveyed.   It, moreover, so appears that the
grantee took possession of that land which both he and
appellee thought to be the land conveyed.   There seems
to have been no mistake between the parties either as to
the particular land sold or as to its extent or the boun-
daries.   The only mistake seems to have been in the
measurement of the distance.   Whether this measure-
ment, with the computation thereof in feet, was the mu-
tual mistake of both, or of one or the other, is immate-
rial, as it appears beyond question that there was a mis-
take in this particular.   It certainly appears from the
evidence that the grantor understood that he sold to
the grantee the lands which the latter took possession
of and inclosed.   It also, to us, conclusively appears
that the grantee understood that the land sold was the

land which he took possession of and inclosed, and it also conclusively appears from the evidence that, these are the same lands decreed to be sold, and as to which it is ordered and decreed that the deed be reformed in description so as to correctly describe the lands sold.

While there is a conflict in the evidence, it is only as to the measurements of the boundaries, and not as to the boundaries themselves Of course, distances in description must always yield to fixed boundaries which are clearly and certainly established.

We find no reversible error in the record, the decree of the chancellor is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MCCLELLAN, JJ., concur.