## PARK ADDITION CO. v. SAWYER.

No. 16581—Opinion Filed April 6, 1926.

**1. Money Received—Mistake — Action for Recovery.**

A mistake of fact to form the basis of an action for the recovery of money paid out on said mistake is defined by section 5001, C. S. 1921.

**2. Appeal and Error—Review—Conflicting Evidence—Findings.**

Where the cause is tried to the court without a jury upon conflicting evidence, and there is testimony reasonably tending to support the findings and judgment of the court, the same will not be disturbed on appeal by this court on the weight of the evidence.

**3. Vendor and Purchaser—Mistake in Description—Right of Purchaser to Rescission and Return of Money.**

Where the vendee sues for the return of money paid out on a mistake of both parties in describing property in the contract of sale not agreed upon in fact, and there is evidence reasonably tending to prove the allegations of the petition, the vendee is entitled to judgment for rescission of the contract and return of said money paid out.

(Syllabus by Threadgill C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; A. C. Brewster, Assigned Judge.

Action by C. J. Sawyer against Park Addition Company. Judgment for plaintiff, and defendant appeals. Affirmed.

R. K. Robertson, for plaintiff in error.

A. E. Montgomery, for defendant in error.

Opinion by THREADGILL, C. Defendant in error brought suit against the plaintiff in error upon two counts as stated in his petition: One for the recovery of $280, money he paid defendant for two lots on the paved road in addition to the town of Red ork, Okla.; and in the second count, for damages in the sum of $1,000. He alleged in his petition that he had a verbal agreement to buy the two corner lots for $1,000, which were in fact numbered 9 and 10, and, in drawing up the written contract of sale, defendant inserted the numbers 12 and 13, which represented other lots that they did not agree on; that the insertion of the numbers 12 and 13 was a mistake on the part of both parties; that the lots they agreed on were sold to some other party; that he paid $200 at the time the written contract was made, and was to pay $40 per month till the full amount of the consider-

ation of $1,000 was paid, and he had made two of the $40 payments when he discovered the mistake in the contract, and he asked that it be corrected or his money returned, which the defendant refused to do. In the second count he alleged that he was damaged $1,000. The defendant demurred to the petition as a whole, and to the two separate causes of action, on the ground that the petition did not state sufficient facts to constitute a cause of action. The demurrer was overruled and exception saved. Defendant filed answer, in which it alleged: First, a general denial; second, it admits it made a contract of sale with plaintiff for lots 12 and 13 in block 8, but denies any mutual mistake. It further denied the allegations of the second cause of action; denied that it ever agreed to sell plaintiff lots 9 and 10, and denied any damages. For cross-petition defendant pleads the balance due on the contract and asked to recover the same in the sum of $720, with interest from date of delinquent payments. On February 27, 1925, the cause was tried to the court without a jury, and resulted in a judgment for plaintiff on his first count in the petition, in the sum of $280, with interest thereon at six per cent. per annum from the first day of June, 1923, until paid, but denied any relief on the second count, and defendant has appealed asking for a reversal of the judgment.

There are several assignments of error, but defendant urges only one proposition, and that is, the lack of evidence to sustain the judgment. The question involved is whether or not there was a mistake made in the lots sold and the description given in the contract, and whether or not both parties joined in the mistake. It is a mistake of fact involved, and is defined by section 5001, Compiled Statutes 1921, as follows:

"Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in:

"First. An unconscious ignorance or forgetfulness of a fact past or present, material to the contract; or Second. Belief in the present existence * * * of such a thing, which has not existed."

We have read and considered all the evidence in the case, and while we find it somewhat conflicting as to whether or not there was a mutual mistake, the plaintiff testifying to facts tending to show that it was, and the defendant denying such facts and relying rather upon the record—the description given in the contract—than upon the facts and circumstances leading up to its

execution, yet we find there is evidence reasonably tending to support the judgment, and, if we consider the evidence to determine its weight, we cannot say that the weight of the evidence does not support the judgment. Both parties admitted that plaintiff's proposition was to buy two lots on the hard surfaced road; plaintiff says corner lots. Defendant denies they were to be corner lots, but says it thought the lots it was selling him were on the hard surfaced road, but it learned, after the contract was executed and after plaintiff complained, that they were not corner lots, that they were not on the hard surfaced road. Admittedly, there was a mistake as to the location of the lots. Therefore, it makes no difference as to which rule of evidence we adopt, either of law or equity, the same is amply sufficient to support the judgment. In the case of City of Chickasha v. Looney, 36 Okla. 155, 128 Pac. 136, the rule is stated as follows:

"Where the case is tried by the court, without intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support its findings, such findings will not be disturbed on the weight of the evidence."

Again, in the case of Voris v. Robins, 52 Okla. 671, 153 Pac. 120, the rule is stated as follows:

"(a) In an equitable action the findings of the trial court should be sustained unless it appears that his findings are clearly against the weight of the evidence.

"(b) The findings of the trial court should be strongly persuasive, and should not be set aside unless this court can say, in equity and good conscience, that the conclusion reached by the trial court is clearly against the weight of the evidence."

See, also, Stahn v. Hall et al. (Utah) 37 Pac. 585.

Thus having determined that the evidence is sufficient to sustain the allegation of the mistake, in describing the property in the contract not sold, and in selling the property not described and not subject to sale, it follows that plaintiff was entitled to rescind the contract and recover the money paid out on said mistake. In Black on Rescission and Cancellation, vol. 1, p. 385, par. 140, the author, in illustrating the application of the rule of equitable relief in cases of mistakes, says:

"The rule also finds its application in cases where the vendor and purchaser are agreed as to the property which is the subject of the sale, but by mutual mistake the land described in the written contract of sale or in the deed is not that intended to be conveyed."

See, also, the following cases: McMillan v. Morgan, 90 Ark. 190, 118 S. W. 407; Selby v. Matson, 137 Iowa, 97, 114 N. W. 609, 14 L. R. A. (N. S.) 1210; Page v. Whatley, 162 Ala. 473, 50 South. 116; Beson v. Coleman, 92 Miss. 622, 46 South. 49; Stahn v. Hall et al., 10 Utah, 400, 37 Pac. 585; Fearon Lumber & Veneer Co. v. Wilson, 51 W. Va. 30, 41 S. E. 137.

We are of the opinion that the appeal in this case is without merit, and judgment of the trial court should be affirmed.

Defendant in error has called attention to plaintiff in error's supersedeas bond, and has asked for judgment against the surety on same. We find this bond to be in the sum of $600, conditioned as by law provided, and signed by the United States Fidelity & Guaranty Company, as surety, and the judgment affirmed is for $280, with interest at six per cent. per annum from June 1, 1923, until paid, and all costs, and we are of the opinion that defendant in error is entitled to judgment against the surety on said bond for the amount of this judgment. It is therefore ordered and adjudged that C. J. Sawyer, defendant in error, do have and recover of and from the United States Fidelity & Guaranty Company in the sum of $280, with interest thereon at 6 per cent. per annum from June 1, 1923, until paid, and all costs of the action, for which let execution issue.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 866. (2) 4 C. J. p. 879 § 2853; p. 887 § 2857: p. 900 § 2869; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91: 5 R. C. L. Supp. p. 81. (3) 39 Cyc. p. 2015; 27 R. C. L. p. 623.