**WEATHERLY v. JACKSON et al.**

No. 9822.

Court of Civil Appeals of Texas. San Antonio.

Nov. 4, 1936.

Rehearing Denied Dec. 2, 1936.

Hines H. Baker, of Houston, Carey Legett, of Port Lavaca, and H. Grady Chandler and Pierce Stevenson, both of Austin, for appellant.

Crain & Vandenberge, of Victoria, and Henry, Bickett & Bickett, of San Antonio, for appellees.

MURRAY, Justice.

This is a trespass to try title suit instituted by appellant, John Q. Weatherly, against D. E. Jackson, R. L. Moreman, Mrs. Minnie Garrett, R. L. Garrett, Jr., Mary Catherine Garrett, Hennessy S. Thomas, Francis C. Thomas, C. E. Lane, Martindale Mortgage Company, and the Corpus Christi Hardware Company, appellees herein, seeking to recover 149.28 acres of land in Calhoun county, Tex., located about 8 miles south, 40° west from Port Lavaca, and described more particularly as follows:

"Beginning at the south corner of the F. W. Roemer survey in the N. E. line of the J. M. Cortes League, 1355.7 vrs. S. E. of its North corner; thence with the S. E. line of the Roemer Survey north 54 degrees 24 min. E. 1401.7 vrs. to the East corner of same in the S. W. line of I. & G. N. Section No. 6; thence with the S. W. line of said I. & G. N. Section No. 6 south 35 degrees 26 minutes east 601 vrs. to the north corner of the Elizabeth Miller Survey; thence south 54 degrees 24 min. west 1402.8 vrs. with the N. W. line of said Miller Survey to its west corner in the N. E. line of said Cortés League; thence with the N. E. line of said Cortés League north 35 degrees 32 min. west 601 vrs. to the place of beginning, being the same land described in report, including field notes, plat and statement of Licensed State Surveyor W. O. Work filed of record in the Land Office of the State of Texas, as the basis of the award of said survey to plaintiff herein."

The trial was before the court without the intervention of a jury and resulted in a judgment that Weatherly take nothing by reason of his suit and from which judgment Weatherly has prosecuted this appeal.

Weatherly claimed the land by purchase from the state of Texas, under the provisions of article 5323, R.S.1925 (now repealed), authorizing the sale of unsurveyed land belonging to the public school fund. Appellees claimed ownership of the land as a part of the F. W. Roemer survey and the E. Miller survey, or as a part of one of said surveys.

This is the second appeal of this cause. When this cause was before this court on the former appeal, this court, in an opinion written by the late Chief Justice Fly, affirmed a judgment of the trial court, similar to the judgment in the present appeal. 46 S.W.(2d) 1030.

Affirmance was based, among other things, upon the conclusion that the award of the land commissioner did not create a presumption of a vacancy and that under the facts in the case, especially the statement by the land commissioner in 1926 to D. E. Jackson and R. L. Moreman, that there was no vacancy in the vicinity of the land purchased by Weatherly, created an equitable estoppel precluding the state from thereafter making an award of the land as vacant land.

However, the Supreme Court, speaking through Judge Smedley of Section B of the Commission of Appeals, reversed the judgment of this court, holding, among other things, that the award of the land commissioner did create a presumption that the land thus awarded was vacant land and placed the burden of proof upon appellees to show that the land awarded to Weatherly was included within the boundaries of one or more senior surveys; and further holding that the facts did not show an equitable estoppel against the state. 123 Tex. 213, 71 S.W.(2d) 259, 268. The Supreme Court passed on practically every legal question raised not only in that appeal, but in the present appeal. However, it hesitated to render the case, but reversed and remanded it to the trial court with the following statement:

"While the presumption arising from the approval of the survey and the award and the absence of evidence to rebut the presumption would warrant the rendition of judgment here in favor of plaintiff in error for the title and possession of the land, the case will be remanded for trial in order to give the parties the opportunity to develop it fully, particularly to offer evidence as to the facts on the ground."

The contention of Weatherly is clearly presented by the plat made by the survey-

or, W. O. Work, approved by the land commissioner, and, under the opinion adopted by the Supreme Court on the former appeal, presumed to be correct. A part of said plat is substantially reproduced below:

The contention of the appellees is clearly presented by the plat made by the surveyor, John S. Fenner, a part of which is here substantially reproduced:

By comparing the above two plats, it is readily seen that an all important matter is to determine the location of the upper southwest corner of the I. & G. N. Ry. Co. No. 2, and the southeast boundary line of the E. Miller survey, and the northwest boundary line of the T. Work and the J. C. Post surveys. The Work and the Post surveys are both senior to the E. Miller, and the I. & G. N. No. 2 was surveyed during the same year as the E. Miller, so that if these surveys can be definitely located upon the ground, it will not be difficult to locate the E. Miller survey, as that survey is definitely tied to these senior surveys to the south.

█ It may properly be suggested that the E. Miller survey is also tied to the I. & G. N. Ry. Co. No. 1, to the north, but the I. & G. N. No. 1, being junior to the Work and the Post surveys, this call cannot control over the calls to tie to the Work survey and by inference to the Post survey.

█ It is true that the beginning point is tied to the I. & G. N. No. 1, but the call for the beginning point is of no greater dignity than any other corner or line of the survey. 9 C.J. 169, 170; Ayers v. Lancaster, 64 Tex. 305; Baker v. Heney (Tex.Civ.App.) 166 S.W. 19; Kyle v. Clinkscales (Tex.Civ.App.) 22 S.W.(2d) 729.

The above authorities also hold that you may reverse the calls in order to locate the actual footsteps of the original surveyor.

█ The evidence shows that W. H. Allen was the original surveyor, who surveyed the E. Miller and I. & G. N. No. 2. These surveys were made in 1880. About four years later John Roemer, who owned the I. & G. N. Ry. Co. No. 2, and the T. Work surveys, sold the northwest 280⅓ acres of I. & G. N. No. 2 to W. H. Thomas, and W. H. Allen made the survey of the 280⅓ acres; and that while surveying this land Allen pointed out to John Roemer and Adolph Roemer, sons of the John Roemer who owned the land, the northwest corner of the I. & G. N. No. 2, the same also being the upper southwest corner of the E. Miller, and these two Roemer boys there constructed a monument consisting of four bricks cemented together and an iron pipe. This monument remained where it was placed and can still be located on the ground. Such a monument, though not erected at the time the

original survey was made, and though not called for in the original field notes, under the facts, is to be given the dignity of a marker erected at the time of the original survey, where the original markers are not to be located. Kirby Lumber Company v. Adams (Tex.Com.App.) 93 S.W. (2d) 382. The location of this brick monument is at the point Q on Fenner's plat, and is shown on Work's plat.

After W. H. Thomas purchased these 280⅓ acres from Roemer, he built a fence along the southeast boundary of the 280⅓ acres and along the northwest boundary line of the T. Work survey. This fence, known as the Thomas-Roemer fence, has for more than fifty years been recognized as the true dividing line between the land owned by W. H. Thomas and those who claim under him, and the land of John Roemer, Sr., and those who claim under him. Inasmuch as Thomas owned the E. Miller and Roemer owned the T. Work, this fence was naturally recognized during all these years as the northwest boundary line of the T. Work and the southeast boundary line of the E. Miller. This old fence was so recognized in the partition of the Thomas lands in 1910; it was recognized in the subdivision of the Garrett properties in 1926 (the Garretts claiming under Thomas), and it is shown on numerous maps from 1910 on as the division line between the E. Miller and the T. Work. It is tied to in numerous deeds of trust and other instruments of record in Calhoun county. The northeast corner of the T. Work is definitely marked by the intersection of this Thomas-Roemer fence with an old board fence which marked the dividing line between the Post and the Work. These points are definitely located on the ground.

█ The northwest calls of the E. Miller, being only calls for course and distance (no surveyor claimed to have located any of the original posts called for in the original field notes), the calls to tie to the Work and, by inference, to the Post and I. & G. N. No. 2, must control, and therefore the plat made by W. O. Work correctly locates the E. Miller survey.

The plat made by Fenner fails to bring the E. Miller to the brick monument or to the Thomas-Roemer fence. In fact it is shown to begin 345.4 varas north from this fence. It is also that far north of the brick monument. However, starting thus, 345.4 varas north of this old fence, when

the E. Miller is given all the distance called for to the north, the Fenner plat shows that it lacks 233.8 varas of reaching the F. W. Roemer survey to the north. Thus it appears that if Fenner had tied the E. Miller to the brick monument and the old fence his plat would have shown about the same vacancy between the E. Miller and the F. W. Roemer as was shown on the plat of W. O. Work.

Inasmuch as the Supreme Court, through the Commission of Appeals has already decided, as the law of this case, that the E. Miller and the F. W. Roemer do not call for an adjoindure, and further that the plat of Work is presumed to be correct, and as the only evidence to the contrary is the Fenner plat, we have no alternative but to hold that the Fenner plat is insufficient to contradict the Work plat, and that we must, therefore, accept the W. O. Work plat as a correct plat showing the vacancy contended for by Weatherly.

The judgment will be reversed and judgment here rendered that Weatherly recover the 149.28 acres described in his petition.

Reversed and rendered.