31 So.2d 767

### VAN VALKENBURG v. GERON.

8 Div. 379.

Supreme Court of Alabama.

July 31, 1947.

468

John R. Thomas, Jr., of Huntsville, for appellant.

H. H. Lanier, of Huntsville, for appellee.

FOSTER, Justice.

The material question in this case is the boundary line between a lot of complainant (appellant) and one of respondent (appellee). It is the north line of complainant's lot and the south line of respondent's lot.

The controversy affects the ownership of a strip of land about 27 feet wide extending along the north line of complainant's lot.

Complainant's lot was cut out of the southeast corner of a large one, all of which formerly was the homestead of the late Chief Justice Brickell in Huntsville. Respondent's lot consists of all the balance of it including the dwelling.

In 1888 the Chief Justice conveyed the entire premises to his wife. The dimensions of the boundary lines are not given. Neither are they given fully in the deed to Judge Brickell. Complainant claims under a deed from Mrs. Brickell, after the death of the Chief Justice, to Mannie Allen in 1919. The balance of the lot came into the ownership of the University of Alabama under the will of Judge R. C. Brickell, Jr. The University by its trustees deeded it to respondent in 1938.

A diagram of the property is shown on page 366 of the record, which shows the lot of each respectively, and the locus of the dispute. It will be reproduced in the report of the case.

There is apparently an error in the description of complainant's lot. This suit does not seek to reform the deed, but to construe it in the light of the error. The description is as follows: Beginning at a stake on the west margin of Franklin Street, 503 feet and four inches southwardly from its intersection with the south margin of Neal's Alley; thence south 56½ degrees, west 150 feet to a stake, thence south 33½ degrees, east 136 feet to the center of Dry Creek; thence up said creek north 83½ degrees, east 170 feet to the west margin of Franklin Street; thence with said street, north 33½ degrees west 213 feet to the beginning.

The facts are that if the starting point is 503 feet and four inches south of the intersection, the west line of the lot extending to the center of Dry Creek, as it is now located, would be 27 feet longer than as stated in the deed, or 163 feet instead of 136 feet as stated, and likewise the east line would be 240 feet instead of 213 feet as stated.

The deed to respondent describes the lot as extending to the northeast corner of

complainant's lot 131.3 feet south of the northeast corner of the Brickell lot then being conveyed. This is 530.3 feet from the intersection mentioned in the description of complainant's lot as being 503.3 feet, making the cause of the controversy.

The question is whether the northeast corner of complainant's lot is 503.3 feet as specified in complainant's chain of title or 530.3 feet from the south margin of Neal's Alley. If the starting point is 503.3 feet south of Neal's Alley, the 136 feet as the distance of the west line of complainant's lot, the 213 feet as the distance of the east line of complainant's lot are both erroneous, if the center of Dry Creek has not changed. The question is whether the error is in locating the starting point or in giving the length of the west and east boundary lines, or whether the center of Dry Creek has changed.

After the conveyance to Allen under which complainant claims, Mrs. Brickell and Robert C. Brickell, Jr., used and rented to others a brick building situated south of the main house known as the law office, and there was an old driveway which extended near the law office. The law office was torn down by respondent in 1938, and the driveway abandoned, and a retaining wall was built along the street to a point 530.3 feet from Neal's Alley and to where respondent has since had possession including the land in dispute. The foundation of the old law office according to some testimony shows that it is on that strip.

Complainant's lot was never physically occupied by Allen or her successors in interest. It is unimproved. The old Brickell dwelling on what is now respondent's lot has been occupied throughout the years. There was no controversy about the boundary line until complainant raised the question, after he bought the property. He bought his lot on February 26, 1945 from Robert Fulton who acquired it under the foreclosure of a mortgage executed by Allen to Mrs. Brickell. His foreclosure deed was executed February 6, 1939.

Complainant's lot was assessed for taxes as the south 212 feet of the lot until 1939. Fulton assessed it according to the description in his deed from 1940 through 1945.

Complainant having acquired the lot in February, 1945, filed this suit in April, 1945. He was convicted for trespass after warning December 10, 1945, and this conviction was affirmed on appeal. Van Valkenburg v. State, 32 Ala.App.566, 29 So.2d 683.

Respondent's lot has been assessed since the sale to Allen as all the lot except the south 212 feet, running back 150 feet east and west.

There is evidence that there was no stake at the starting point in complainant's chain of title 503.3 feet south of the intersection of Neal's Alley and Franklin Street, but there was one at the 530.3 foot point when respondent bought the property and also when complainant bought his lot. There is no evidence of any survey having been made at the time of or prior to the deed to Allen locating the starting point in describing the boundary line of the lot deeded to her.

According to brief of counsel for appellant (complainant) there are three points on which there is dispute material to the issue:

1. Whether or not the law office was on the disputed area, or was north of it.

2. Whether or not the old driveway extended partly along and over the disputed area, or north of it.

3. Whether there has been a change in the flow of the creek, so as to extend by 27 feet farther south, the "center of Dry Creek."

It is our view that the evidence does not support appellant in either of these contentions. That is to say, we think the weight of the evidence supports the view that the law office and driveway were both located in whole or in part on the disputed area, and that the center of Dry Creek has not materially shifted since the deed was made to Mannie Allen in 1919 conveying the premises claimed by appellant. So we think the simple question is whether there was an error in measuring the distance from Neal's Alley along Franklin Street to the starting point of the boundary line described in the deed under which appellant claims, or in measuring the length of both the east and west boundary lines of said lot. We think

that clearly there was an error in one or the other of such measurements.

There was also an iron stake at the northwest corner of complainant's lot, when respondent bought her lot and also when complainant bought his. It was 136 feet north of the center of Dry Creek, and there was an old fence along this line. And it was 150 feet west of Franklin Street, so that a straight line to it from the stake on Franklin Street at the 530.3 foot point would be at a right angle to Franklin Street. All the calls and distances in the Allen deed under which appellant claims correspond with a boundary commencing at the 530.3 foot point, but do not correspond with a boundary commencing at the 503.3 foot point.

■ "While as a general proposition the calls in distance and course for a starting point are controlling, nevertheless the true rule is that, when the succeeding calls are as readily ascertained and are as little liable to mistake, they are of equal dignity with, and may control, the first." Dunn v. Stratton, 160 Miss. 1, 133 So. 140, 143; Weatherly v. Jackson, Tex.Civ.App., 98 S. W.2d 1037; Maxcy v. Boyles, Tex.Civ.App., 38 S.W.2d 630; Anderson v. Schaeffer, Tex.Civ.App., 275 S.W. 300; 11 Corpus Juris Secundum, Boundaries, §§ 12 and 13, p. 553.

■ "The universal test in fixing a boundary line is, first, natural objects, such as rivers, trees, and other objects of nature; second, artificial marks that were placed on the ground by the surveyor; and third, course and distance." Kyle v. Clinkscales, Tex.Civ.App., 22 S.W.2d 729, 731.

■ "Where the location of a beginning corner is in doubt, any other corner marked by a natural or artificial object called for in the survey, found and identified as such, should be used in determining the boundaries of such survey." Kennard v. Maxwell, Tex.Civ.App., 287 S.W. 60, 63.

■■ It is well established that the center of Dry Creek is now substantially the same as it was in 1919, when the Allen deed was made, and when the Fulton foreclosure deed (1939) and the deed from Fulton to appellant (1945) were respectively made. There was no claim of such a change since the last two mentioned deeds were made. Both of them describe the lot of complainant as extending on one side 213 feet and on the other 136 feet to the center of Dry Creek. If complainant's north line is where complainant contends, those distances to the center of Dry Creek were erroneous at the time those deeds were executed regardless of the one in 1919 to Allen. Complainant can only claim under his deed. Those distances do not correspond with the starting point in his deed. Both of them must be correspondingly erroneous, if the starting point is correctly located. The distance from Neal's Alley to the starting point is not checked by other features of the survey nor corroborated by any of the circumstances in evidence. The possession of what remained of the Brickell lot was retained after the Allen deed to the 530.3 foot line. The successive owners of the Allen lot never asserted any claim extending beyond that line. The distance of the lines from the center of Dry Creek check each other as showing that no error occurred in them. All the circumstances indicate that the 530.3 foot point was what was intended and measured and marked as the starting point. That would make all the balance of the description correspond with the actual layout, and what the circumstances show was the intention of the parties. The theory is not improbable that the typist erroneously transposed the three and naught, so as to make the figure read 503 instead of 530. The fraction of a foot remained the same in substance.

The trial court decreed in accordance with our view, and it is affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.