121 So.2d 865

Frances C. POWE et al.

v.

Benjamin Leopold MERKEL.

7 Div. 493.

Supreme Court of Alabama.

June 30, 1960.

Robt. J. Teel, Rockford, for appellants.

Thos. Reuben Bell, Sylacauga, and Donald E. Merkel, Mobile, for appellee.

MERRILL, Justice.

Appeal from an interlocutory decree overruling demurrer to a bill of complaint seeking the determination of a boundary line and an injunction against continuing trespasses, and for general relief.

The bill of complaint alleges that the complainant is the owner of a ten acre tract of land, described in the instruments of conveyance as the south half of the south half of the northwest quarter of the southeast quarter of Section 26, Township 21 south, Range 3 east, Talladega County, Alabama, and that the respondents are the owners of the lands adjoining complainant's land to the south, and that the boundary between said property is in dispute.

The bill alleges that the south boundary of complainant's property is a fence, with corner markers, described by reference to the northeast corner of the section, and alleges that said fence has been the boundary for more than ten years, and that complainant has, with his predecessors in title, been in actual possession of the lands to the north of said boundary for more than ten years, adversely and under claim of ownership, which fence was established by agreement of the owners of the respective properties.

The bill also alleges that the complainant and his predecessors in title have been in possession of all of the lands north of the said boundary, adversely and under claim of ownership, for a period in excess of the last fifty years.

The bill then alleges that in the month of July, 1959, the respondents erected a row of posts about twenty-five or thirty feet north of the south boundary of complainant's property and alleges on information and belief that respondents will continue to attempt to exercise possession or control over the southerly twenty-five or thirty feet of complainant's land by maintaining posts thereon and otherwise unless restrained by the court, though the respondents have not been in actual possession of any of complainant's land at any time.

The bill then alleges that complainant has rented his said property to a corporation for the construction of an airport, which airport was under construction at the time of the filing of the bill of complaint, and that the existence of said posts would render same unsafe and would constitute a danger and would prejudice the chance of obtaining governmental authority for the operation of the airport, and would result in irreparable injury to the complainant because of cancellation of an advantageous rental arrangement, unless restrained by the court.

The bill of complaint prayed for a temporary injunction, process, permanent injunction, decree establishing or determining the land line or boundary between complainant and respondents as coterminous property owners, and concluded with a prayer for general relief.

The grounds of demurrer argued in the brief of appellants raise the questions that the bill of complaint does not adequately identify the coterminous boundary, does not adequately allege grounds for injunctive relief, and is defective in that complainant's tenants are not parties to this proceeding.

Appellants argue first that the bill does not describe the true boundary with sufficient clarity and it is not alleged that the true location of the boundary is unknown to complainant. Appellants base their argument on the fact that the description says " * * * 33 feet, more or less, to an iron stake, * * * thence proceed westerly and along an old wire fence, * * for 1287 feet, more or less, to an iron stake * * *."

Appellants argue that the "more or less" after the feet and the "westerly" instead of west makes the description uncertain.

We cannot agree that the use of "more or less" and "westerly" makes the descrip-

tion of the alleged true boundary line uncertain or ambiguous. The bill states that the fence is the boundary and even though the course and distance of the fence is described as noted, each end of the fence is described as having an iron stake as the terminal point.

In determining boundary lines, well defined terminal points and fixed boundaries dominate over courses and distances. Blalock v. Johnson, 256 Ala. 349, 54 So.2d 611; Marengo County v. Wilcox County, 215 Ala. 640, 112 So. 243; Page v. Whatley, 162 Ala. 473, 50 So. 116.

It is next argued that the bill does not allege grounds for the relief prayed for.

Title 47, § 3, Code 1940, provides for suits in equity to have boundary lines established.

This court is committed to principle that where there is no question of disputed title and the remedy at law is inadequate because of the nature of the injury, injunction is the proper remedy to restrain repeated trespasses. Brackin v. Porter, Ala., 120 So.2d 693;[1] Underwood v. West Point Mfg. Co., ante, p. 114, 116 So.2d 575, and cases there cited. The facts alleged in the bill bring the instant case within the stated principle.

The final contention is that there is a misjoinder of parties because the tenant, Heart of Dixie Aviation, is not made a party to the suit. In Lewis v. Hicks, 264 Ala. 440, 87 So.2d 867, 869, 60 A.L.R.2d 307, we said:

"The landlord is entitled to an action against one who interferes with his tenants so as to disturb their enjoyment and thereby cause loss of rent to the landlord. Goodell v. Lassen, 69 Ill. 145; Sandlin v. Coyle, 143 La. 121, 78 So. 261, L.R.A.1918D, 389.

"But a landlord is not confined to an action at law to recover damages for the interference with the growing of a crop where the interference is accompanied by repeated trespasses on the land where the crops are being grown. * * *

\* \* \* \* \* \*

"We conclude that the appellee was entitled to an injunction to prevent repeated trespasses by the appellant which would result in appellee's tenants being unable to properly cultivate the land and thereby cause loss of rent to appellee."

We conclude that there was no misjoinder of parties.

The demurrer was properly overruled.

Affirmed.

LAWSON, STAKELY, and COLEMAN, JJ., concur.