143 So.2d 169

Evelyn Helton WATTS, as Executrix,

v.

KYLE REALTY COMPANY.

7 Div. 567.

Supreme Court of Alabama.

June 14, 1962.

Rehearing Denied July 12, 1962.

Hawkins & Rhea, Hinton & Torbert and Rowan S. Bone, Gadsden, for appellant.

**570**

Lusk, Swann & Burns, Gadsden, for appellee.

MERRILL, Justice.

This is an appeal from a decree fixing a boundary line between the parties. The trial court found the true line to be that contended for by complainant.

█ Assignments of error 1, 2 and 3 are that the court erred in overruling respondent's demurrer to the bill. The argued grounds of the demurrer are that the complaint is vague and uncertain as to the property line of respondent, and that "it is not averred exactly where the disputed land line is."

The bill describes complainant's land, which we shall call the Kyle lot, and respondent's land. It is then averred that the properties adjoin, the northwest line of respondent's property abutting portions of the southeast line of complainant's property. The descriptions clearly show that complainant's southeast property line is considerably longer than respondent's northwest line and that respondent is an abutting owner only as to part of complainant's property. It is also alleged that "a dispute exists between Plaintiff and Defendant as to the true and correct dividing line between their said respective properties and that the Defendant is claiming that his Northwest line encroaches approximately 12 feet into Plaintiff's property; and that the Defendant has erected four large posts along what he claims to be his Northwest line, which said posts Plaintiff avers are erected upon Plaintiff's property."

█ A bill to settle a boundary line dispute must show a dispute between the adjoining proprietors as to the correct line and, ordinarily, the true line should be described or it should be alleged that the true line is unknown. Steele v. McCurdy, 258 Ala. 558, 63 So.2d 704; Blalock v. Johnson, 256 Ala. 349, 54 So.2d 611.

We think the allegations of the bill "point out with reasonable certainty the true boundary line between the lands of complainant and the respondent." Sloss-Sheffield Steel & Iron Co. v. Coosa Land Co., 231 Ala. 134, 163 So. 898. There was no error in the overruling of the demurrer to the bill.

██ The other argued assignment of error is No. 6, which is that the court erred in granting relief to the plaintiff. The main basis of the argument is that one call in respondent's deed would extend his northwest terminal point approximately ten feet into the Kyle lot and past the line contended for by complainant. Not only is there an apparent error in the starting point preceding this call, but distances in description must always yield to fixed boundaries which are clearly and certainly established. Page v. Whatley, 162 Ala. 473, 50 So. 116; Powe v. Merkel, 270 Ala. 688, 121 So.2d 865.

█ Another applicable principle is that a grantee in a suit to determine a disputed boundary line can claim only under his deed. Van Valkenburg v. Geron, 249 Ala. 467, 31 So.2d 767.

Here, complainant received its deed and went into possession in 1891. Respondent received his deed in 1950. Regardless of the call of 139 feet in respondent's deed, the terminus was "to a point in the Southeast line of that certain tract of land conveyed by the Gadsden Land & Improvement Company to R. B. Kyle, by deed dated April 21st, 1891, and recorded" etc. So respondent's deed only called for a line to the southeast line of the Kyle property. This line took precedence over the distance in the deed.

█ The question presented to the trial court was largely one of fact. The court having heard the witnesses, every presumption will be indulged in favor of the trial court, and its finding and decree will not be disturbed unless palpably wrong. Parkman v. Ludlum, 260 Ala. 235, 69 So.2d 434.

In view of the foregoing, we have not discussed or decided appellee's motions to

dismiss the appeal or to strike portions of the transcript of the evidence.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.