177 So. 139

**JENNINGS v. PERKINS.**

**2 Div. 92.**

Supreme Court of Alabama.

Nov. 18, 1937.

George Pegram, of Linden, for appellant.

Thos. H. Boggs, of Linden, for appellee.

FOSTER, Justice.

The bill in this case was filed in equity to establish and define an uncertain or disputed boundary line between the lands of complainant and respondent. Sections 6465 (5) and 6439, Code.

As originally filed, the court sustained demurrer to the bill on the ground, as indicated in the briefs, that the true line was insufficiently described. It was then amended in an effort to correct that defect by making the description of the

line and the issues concerning it more specific. Demurrer was again sustained. The question of importance is whether the bill as last amended is sufficient in that respect in the light of our cases. Smith v. Cook, 220 Ala. 338, 124 So. 898; Baldwin v. Harrelson, 225 Ala. 386; 143 So. 558; Sloss-Sheffield Steel & Iron Co. v. Coosa Land Co., 231 Ala. 134, 163 So. 898.

Complainant claims a 40 in the southwest corner of section 23 and northwest corner of section 26; respondent claims one in the southeast corner of section 22, and northeast corner of section 27, so that the section line is the one in dispute. Complainant does not claim that the true section line is the correct line between their lands, but bases her contention upon the existence of a line which was surveyed as such whether correct or not as the government line, but which has been fixed as the boundary by the conduct of the parties.

We think the line as thus surveyed, and which complainant contends has been made the true line, is so described as that it can be located by one with the use of the monuments and other details as there mentioned.

In the case of Smith v. Cook, supra, we expressed the view that such claim did not have the effect of showing that the controversy was not over a boundary line between their lands, and that the claim of adverse possession is not fatal to the right to try the issue. Yauger v. Taylor, 218 Ala. 235, 118 So. 271. In Smith v. Cook, supra, we also referred to a principle established by our cases that if two coterminous proprietors agree on a boundary line, and each occupies to its location the possession is presumed to be adverse, and fixes the boundary line after ten years. Clarke v. Earnest, 224 Ala. 165, 139 So. 223; Wood v. Foster, 229 Ala. 430, 157 So. 863.

The bill in this case as amended makes such allegations in substance, and sufficiently shows that the line so agreed on has become the true line. We do not think it is subject to any ground of demurrer which has been brought to our attention.

The decree sustaining demurrer to the bill as amended is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.