196 So. 275

### WISE v. MASSEE et al.
#### 4 Div. 149.

Supreme Court of Alabama.

May 14, 1940.

Roys Lewis, of Dothan, for appellant.

Tompkins & Ramsey and H. R. McClintock, all of Dothan, for appellees.

KNIGHT, Justice.

Bill to quiet title as between the complainant and respondents to certain real estate in the City of Dothan, Alabama, and, in the alternative, to establish and define a disputed boundary line between the lands of complainant and the respondent J. N. Massee.

To the bill as amended, the respondents J. N. Massee and H. R. McClintock filed joint demurrers.

The demurrer addressed to that feature of the bill which seeks to quiet the title to the lot in question takes the point that the description of the property is insufficient; while the demurrer to the second phase of the bill, takes the point that the averments of the bill do not show, otherwise than by a mere statement of conclusion of the pleader, that the boundary line between the said lands of complainant and respondent Massee is uncertain or disputed. The demurrer further challenges the sufficiency of the bill as one to define a disputed boundary line for its failure to point out or designate the true boundary line between complainant's lands and those of respondent. There were other grounds of demurrer to the two aspects of the bill, which were so clearly without merit that we deem it unnecessary to refer to the same.

The second paragraph of the amended bill, which gives a description of the property, appears in the report of the case.

■ This court is committed to the proposition that, in order to meet the requirements of the statute—Section 9906 of the Code—with respect to "certainty" in the description of the lands in a bill to quiet title, the description given in the bill must be of a character sufficiently certain not only to identify the lands at the present time but always hereafter. The decrees in such cases are not intended to be presently executed, but are "to stand for all time as muniments of title."

If the decree to be rendered in this case was one to be presently executed, the de-scription of the land would doubtless be sufficient, as it is not void for uncertainty, and could now be aided by parol.

■ The only two enduring landmarks employed in the description of the property are the section line between Sections 23 and 24, in Township 3, Range 26, Houston County, Alabama, on the south, and Dusy Street on the west. The other boundaries given fall far short of that "certain, continuous identification of the property which is necessary" in actions to quiet title. Inge et al. v. Demouy, 122 Ala. 169, 25 So. 228, 229; Ward v. Janney & Cheney, 104 Ala. 122, 16 So. 73; Code, § 9906.

■ The demurrer to the bill in its first aspect, viz., to quiet title which challenges the sufficiency of the description of the property was, therefore, properly sustained.

We are of the opinion, however, that the demurrer to the bill in its second aspect was not well taken and should have been overruled.

In reaching this conclusion we have not overlooked the case of Karter v. East et al., 220 Ala. 511, 125 So. 655, and authorities there cited. The Karter case as well as the cases cited dealt with descriptions in the conveyances and not with the sufficiency of the averments of the bill to quiet the title.

■ The bill in its last, or alternate aspect, follows the language of the statute, Subsection 5, Section 6465 of the Code, in its averment that the boundary line between the lands of complainant and the respondent Massee is uncertain or disputed, and this averment is not a mere statement of a legal conclusion, but is a statement of an issuable and traversable fact. In this aspect the bill was sufficient. Clarke v. Earnest, 224 Ala. 165, 139 So. 223; Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Tabor v. Craft, 217 Ala. 276, 116 So. 132; Smith v. Cook, 220 Ala. 338, 124 So. 898; Camp v. Dunnavent, 215 Ala. 78, 109 So. 362; Treadaway v. Hamilton, 221 Ala. 479, 129 So. 55; Code, § 6465.

■ From the averments of the bill, as amended, it appears with reasonable certainty that the complainant and the respondent Massee are coterminous landowners, and the bill points out with sufficient certainty the true boundary line between the lands of complainant and the said respondent, as contended by the com-

562

plainant. From the data given in the amended bill a competent surveyor should have no difficulty in determining and marking the exact location of the line between the lands of said parties. This is all the law requires with respect to the sufficiency of description of the true boundary line in a bill filed under the provisions of Section 6465 of the Code to establish and define an uncertain or disputed boundary line between coterminous landowners. Sloss-Sheffield Steel & Iron Co. v. Coosa Land Co., 231 Ala. 134, 163 So. 898; Clarke v. Earnest, supra.

The demurrer to this last aspect of the amended bill, as for any grounds assigned, was improperly sustained, and for this error, the decree of the circuit court must be, and is, reversed, and a decree will here be accordingly entered overruling the demurrer to that aspect of the amended bill which seeks, in the alternative, the establishment of the boundary line between the lands of complainant and the respondent Massee. The decree of the circuit court will, however, be affirmed in so far as it sustained the demurrer to that part of the amended bill which seeks to quiet title to the lot attempted to be described in paragraph 2 of said bill.

· Affirmed in part; in part reversed, rendered and remanded.

THOMAS, BROWN, and FOSTER, JJ., concur.