158

50 So.2d 721

**WINBOURNE et al. v. RUSSELL et al.**

6 Div. 134.

Supreme Court of Alabama.

Feb. 15, 1951.

W. A. Davis, of Aliceville, and J. H. Curry, of Carrollton, for appellants.

Patton & Robison, of Carrollton, for appellees.

STAKELY, Justice.

This is a suit in equity brought by Jodie E. Russell and Eunice Russell (appellees) against J. L. Winbourne and Annie Winbourne (appellants) to establish a boundary line between their lands. The court overruled the demurrer filed by appellants to the bill of the appellees. The only question presented on this appeal is whether the bill describes with sufficient certainty the boundary line it seeks to establish.

The bill alleges "that complainants and respondents are the owners of adjoining tracts of land in Section 15, Township 21, Range 16 West in Pickens County, Ala-

bama; that complainants' land is one-half mile, more or less, in length north and south and is bordered its full length on the west side by the lands of the respondents and complainants' said land is 330 feet more or less in width, east and west, and is bordered and bounded its full width by the lands of the respondents."

It is further alleged that the complainants purchased their said tract of land from J. T. Coleman as shown by deed dated January 7, 1947, a copy of which is hereto attached and marked "Exhibit A" and were put into possession by him under said deed of the following described lands: "Commencing at an iron stake at or near the southwest corner of the southeast quarter of the southeast quarter of said section fifteen, which said iron stake has been recognized by the complainant and his predecessors in title and by the respondents and their predecessors in title for a period of twenty years or more as the true southwest corner of the southeast quarter of the southeast quarter of said Section fifteen and running thence north approximately one-half mile to a point on a line which is the western extension of a line evidenced by a wire fence on a portion of the north boundary of the property hereby described, thence east along the line of said old fence to the northeast corner of the west half of the west half of the northeast quarter of the southeast quarter of said section fifteen, a distance of 330 feet, more or less, thence south perpendicular to the southern border line of said section fifteen a distance of one-half mile, more or less, thence west along said southern border line of section fifteen to the point of beginning."

The deed attached to the bill describes the lands as the following described real estate "lying, situated and being in the County of Pickens and State of Alabama and being more particularly described as follows, to-wit: Ten acres off of the west side of the NE-¼ of the SE-¼ and Ten acres off of the West side of the SE-¼ of the SE-¼ of Section 15, Township 21, Range 16, West, containing Twenty acres more or less."

With respect to the sufficiency of the description of the true boundary line in a suit in equity between coterminous owners filed under the provisions of § 129, Title 13, Code of 1940, the bill must give such data that a competent surveyor should have no difficulty in determining and marking the exact location of the line between the lands of the parties. Wise v. Massee et al., 239 Ala. 559, 196 So. 275.

It is argued that there is uncertainty in the beginning point of the description. This point is described in the bill as "an iron stake at or near the SW corner of the SE-¼ of the SE-¼ of Section 15." The position is taken that an iron stake is not a permanent monument and for aught that appears in the bill there could be a number of iron stakes at or near the SW corner of the SE-¼ of the SE-¼ of Section 15. Further it is argued that the iron stake referred to could be moved a number of times between the filing of the bill and the time the surveyor appointed by the court goes on the property to locate and establish the line. We do not think that the objection is well taken.

In Thatcher et al. v. Matthews et al., 101 Tex. 122, 105 S.W. 317, 318, the court said, "Where a stake is once placed, it fixes the corner as conclusively as if marked by natural objects. Owing to the fact that it may be removed or obliterated, its location may be more difficult of proof; but, if proved, it fixes the corner with the same certainty as where it is marked by a permanent object." The court further said, "When the surveyor says a stake, it must be presumed he means an actual stake, which is a very real object."

The bill alleges in substance that complainants at the time of their purchase were put in possession of lands described as commencing at an iron stake at or near the SW corner of the SE-¼ of the SE-¼ of Section 15, in accordance with the original government survey and that this stake has been recognized by the parties for a period of 20 years or more as the true SW corner of the property. In other words the bill alleges that there is an iron stake in place in a definite locality and which has served as a marker for twenty years or

160

more. Since the bill alleges the existence of the marker we do not think that it is necessary, in order to give the bill certainty, for the pleader to negative the existence of other markers. If as a fact there are other iron stakes, this would be a matter for defensive pleading and proof and if the iron stake should become removed after a bill is filed, this would present a problem for the court apart from a consideration of the certainty of the bill of complaint, which is the only question now involved.

■ It is further insisted that the first course in the description is indefinite and uncertain in that it is described as "running thence north approximately ½ mile to a point on a line which is the western extension of a line evidenced by a wire fence on a portion of the north boundary of the property herein described." We do not agree. The bill shows that the complainants and the respondents are the owners of adjoining tracts of land in Section 15, Township 21, Range 16 West in Pickens County, Alabama, that the complainants' land is ½ mile more or less in length north and south and is bordered its full length on the west side by the land of the respondents' and complainants' land is 330 feet more or less in width east and west and is bordered its full length on the north by the land of respondents. It is further alleged that there is a dispute existing between the parties as to the location of the boundary between the land of the complainants and the land of the respondents. It should be observed that the complainants do not claim that the true section line is the correct line between their lands but base their contentions upon the existence of a line which has been fixed as the boundary by the conduct of the parties. Our cases make it plain that if two coterminous proprietors agree on a boundary line and each occupies to its location, the possession is presumed to be adverse and fixes the boundary line after ten years. Jennings v. Perkins, 235 Ala. 32, 177 So. 139.

We think that the description in the present bill is such that a competent surveyor can go out with it and by it find sufficient physical evidence and markings of and for a line so as to be able to determine the exact location of the line between the lands of the parties. This is the test as stated in Wise v. Massee, supra.

We think the court acted correctly in overruling the demurrer to the bill.

Affirmed.

FOSTER, LIVINGSTON and LAWSON, JJ., concur.