54 So.2d 611

**BLALOCK et al. v. JOHNSON.**

5 Div. 518.

Supreme Court of Alabama.

Oct. 18, 1951.

J. B. Atkinson, Clanton, for appellants.

Omar L. Reynolds and Reynolds & Reynolds, all of Clanton, for appellee.

SIMPSON, Justice.

Bill to settle a disputed boundary line between coterminous landowners, pursuant to Chapter 2, Article 1, Title 47, Code 1940. The defendants appeal from a decree overruling demurrer to the bill as amended.

■ The requisites of such a bill are well understood. The bill must show a dispute between the adjoining proprietors as to the correct line and ordinarily the true line should be described or it should be alleged that the true line is unknown. Mobile County v. Taylor, 234 Ala. 167, 174 So. 301; Baldwin v. Harrelson, 225 Ala. 386, 143 So. 558; Smith v. Cook, 220 Ala. 338, 124 So. 898.

■ The bill as amended satisfies these requisites. It shows that the complainant is the owner of certain described lands in Chilton County, describing the same by metes and bounds, courses and distances, and that the defendants own lands adjoining, describing these lands in the same manner. It is then shown that the defendants' land lies on the west side of the complainant's land and that the true boundary line is the west and southwest line of the complainant's land as thus described, and that the said line is in dispute. Paragraph 4 of the bill then specifically describes this disputed boundary line by course and distance, giving the terminal point. These allegations, in our view, suffice to make the bill good against the asserted grounds of demurrer. Sloss-Sheffield Steel & Iron Co. v. Coosa Land Co., 231 Ala. 134, 163 So. 898; Wise v. Massee, 239 Ala. 559, 196 So. 275.

■■ It is the contention of appellants that there is a patent ambiguity in the description of the appellants' land, making it necessary that the court should have determined this fact on demurrer; in effect, as we understand the argument, should have determined on that hearing exactly where the true boundary was. In this we cannot agree. There must be a hearing on the facts. The complainant's land, as regards the disputed line, is described in the bill as beginning at a point 1069 feet east of the northwest corner, and going east 251 feet to the northeast corner of the quarter section; thence south 3 degrees thirty minutes east 231 feet to the shore line of the lake; thence south 20 degrees thirty minutes west along the shore line 107 feet, thence north 80° west along the shore line of the lake 411 feet, thence north 267 feet to the point of beginning. Then the east line of defendants' land, the main line in dispute, is described in substance as being the west line of the plaintiff's land. It would be impossible to determine the true line on a hearing on demurrer. It cannot be said with any certainty that the exact measurements of these respective lines are accurate. The matters of description designate well-defined terminal points and in such a case the descriptive courses

and distances must yield. The defined terminal points and the fixed boundaries will dominate. Marengo County v. Wilcox County, 215 Ala. 640, 112 So. 243; Page v. Whatley, 162 Ala. 473, 50 So. 116.

For a better understanding of the opinion and to illustrate our conclusion, the report will reproduce a map of the lands and the respective descriptions.

It is our view that the demurrer was properly overruled.

Affirmed.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.