63 So.2d 376

## BALLARD et al. v. W. T. SMITH LUMBER CO.

### 3 Div. 642.

Supreme Court of Alabama.

Feb. 26, 1953.

Paul D. Hartley, Greenville, and Hill, Hill, Whiting & Harris, Montgomery, for appellants.

Arthur E. Gamble, Jr. and Calvin Poole, Greenville, for appellee.

438

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer of James Richard Ballard and Esther Ballard (appellants) to the bill of complaint filed by W. T. Smith Lumber Company (appellee). According to the bill James Richard Ballard and Esther Ballard are the owners of the NE Quarter of the NW Quarter of Section 4, Township 6, Range 15, Covington County, Alabama. W. T. Smith Lumber Company is the owner of the SE Quarter of the SW Quarter of Section 33, Township 7, Range 15, Butler County, Alabama. The. allegations of the bill further show that W. T. Smith Lumber Company is a coterminous landowner with the respondents James Richard Ballard and Esther Ballard and that the lines dividing the lands of the complainant W. T. Smith Lumber Company and those of the respondents James Richard Ballard and Esther Ballard are unsettled and disputed and that the respondents James Richard Ballard and Esther Ballard are continually encroaching upon what complainant verily believes to be lands owned by it in the foregoing described government subdivision and that it is necessary to have the line between the complainant and the respondents located and established and defined.

It is further alleged that the complainant has made every reasonable effort to establish the line between itself and the respondents James Richard Ballard and Esther Ballard and has been unable to reach any agreement with them as to the true location of the boundaries between them.

It is further alleged that James Richard Ballard and Esther Ballard have cut considerable timber over and across the disputed lines and appropriated such timber so cut to their own use and have refused and continue to refuse to make any settlement with the complainant for the timber which they have so cut and appropriated to their own use.

.In the prayer of the bill the complainant asks the court to order a survey to fix the disputed line between the coterminous landowners and to locate land markers or other objects for the purpose of fixing and establishing the disputed line. It is further prayed that when the lines are so established James Richard Ballard and Esther Ballard be enjoined against interfering with the complainant's possession of the land owned by it adjoining their land. It is further prayed that the respondents be required to account to the complainant for the timber belonging to it, if any, which they have cut and appropriated to their own use.

It is obvious that the bill of complaint was filed under § 129, subdivision 5, Title 13, Code of 1940 and §§ 2–4, Title 47, Code of 1940, to establish and define an uncertain or disputed boundary line between coterminous landowners. The bill follows substantially the requirements of these statutes, it being worthy of note that the allegations of the bill show that the parties are coterminous landowners and that the lines defining the lands of the complainant from that of the respondents are unsettled and disputed. It so happens that the disputed line between these two landowners is the county line between Butler and Covington Counties. There is no merit in the contention that the court does not

have jurisdiction of this case because the bill attempts to change or alter or establish a new and different county line. It appears from the bill of complaint that the purpose of the bill is simply to have the court locate and mark on the ground the line between the coterminous owners in order that the dispute between the parties may be settled. There is nothing in the bill which indicates a purpose or desire to ask the court to change or alter the true line which separates and defines the properties of the parties.

There can be no question of the jurisdiction of the equity court in this case to establish or define uncertain or disputed boundary lines between coterminous landowners. This jurisdiction is given to the circuit court, in equity, by statute and such jurisdiction is given without the necessity of alleging an independent equity. Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517; Drewry v. Cowart, 250 Ala. 406, 34 So.2d 687; § 129, subdivision 5, Title 13, Code of 1940; §§ 2–4, Title 47, Code of 1940.

It is quite true that this court in the case of Marengo County v. Wilcox County, 215 Ala. 640, 112 So. 243, stated that, "The Legislature alone has authority to establish or change the boundary line between counties." As we have shown, however, there is no effort in the present bill to have the county line changed or altered, but only to have the line located and marked on the ground. In Marengo County v. Wilcox County, supra, this court said: "The inquiry is, where is the lawful boundary line between the counties? This is a judicial question to be determined upon a construction of the defining statutes, with the aid of such other legal evidence as may be received in case of uncertainty. * * "

In regard to the sufficiency of the bill of complaint to confer jurisdiction on the court in cases of the type now before the court, the court in Smith v. Cook, 220 Ala. 338, 124 So. 898, 899, said: " * * * and that since the present enactment (Code 1923, § 6465, subd. 5) no other allegations are necessary to confer jurisdiction, even on demurrer, than to follow the requirements of the statute. The bill certainly shows a dispute and an issue between the parties. This is a requirement of the statute."

Furthermore we disagree with the appellants' contention that the bill of complaint affirmatively shows that the appellee is in possession of the property located in Butler County, Alabama. There is no allegation of possession of any property. On the contrary, the allegations of the bill show that the appellee is the owner of a certain described government subdivision and further "that the respondents James Richard Ballard and Esther Ballard are continually encroaching upon what the complainant verily believes to be lands owned by it in the foregoing described government subdivision." There is therefore no violation of the principle that relief will not be granted when the party complaining is already in possession of all the land which he claims. See Ashurst v. McKenzie, 92 Ala. 484, 9 So. 262.

We are satisfied that the information given in the bill of complaint would give sufficient data to any competent surveyor from which he would have no difficulty in determining and marking the location of the line between the parties. Wise v. Massee, 239 Ala. 559, 196 So. 275; Winbourne v. Russell, 255 Ala. 158, 50 So.2d 721.

Objection is made that the bill of complaint is multifarious. We cannot agree with this contention. The bill of complaint is primarily a bill to locate and establish a disputed land line between coterminous landowners. In an effort to avoid a multiplicity of suits the further relief is asked that when the lines are established by the court, the respondents be enjoined from interfering with the complainant's possession of the land owned by it adjoining the land of the respondents. And also with the same end in view, the court is asked to require the respondents to account to the complainant for timber, if any, they have cut on the land and appropriated to their own use.

Equity Rule 15, Code of 1940, Tit. 7, p. 1055, reads, in part, as follows: "A bill is not necessarily multifarious when its seeks alternative or inconsistent relief growing

out of the same subject matter, or founded on the same contract or transaction, or relating to the same property between the same parties."

In the case at bar the relief sought grows out of the same subject matter, which is the dispute over the location of the line dividing the properties of coterminous owners. It is obvious, therefore, that the relief sought necessarily relates to the same property and is a controversy between the same parties. Accordingly the bill is not multifarious. See Atkins v. Cunningham, 222 Ala. 553, 133 So. 586; Yauger v. Taylor, 218 Ala. 235, 118 So. 271.

The court acted correctly in overruling the demurrer to the bill of complaint.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.