63 So.2d 704

### STEELE v. McCURDY.

### 7 Div. 187.

Supreme Court of Alabama.

Feb. 26, 1953.

Rehearing Denied March 26, 1953.

Scott, Dawson and Scott, Fort Payne, for appellant.

W. M. Beck, Fort Payne, for appellee.

MERRILL, Justice.

Complainant's bill was filed to define and establish a boundary line over which there was a dispute between the parties, under the provisions of Code 1940, Title 13, section 129, and Title 47, sections 2 et seq Demurrers were filed to the bill, and this appeal results from the overruling of the demurrers.

Paragraph two of the bill describes the property of complainant in meticulous detail and with legal sufficiency. Paragraph three of the bill alleges that the respondent owns real property lying adjacent to the property of complainant, and the property of the respondent is described, but not with the particularity that complainant's property was described. Paragraph four of the bill is as follows:

"That a dispute exists between complainant and respondent as to the true and correct boundary line between their respective properties and the boundary between the property of said E. A. McCurdy and the property of the said Munford Steele is disputed, and the true boundary line is unknown."

The appellant states that "the demurrers test the sufficiency of the bill in two particulars: (a) The description or location of the alleged true line. (b) The averment sufficient to show that there is in fact a dispute as to the line."

Recent decisions of this Court state the law applicable to this case. In Blalock v. Johnson, 256 Ala. 349, 54 So.2d 611, 612, we find the following:

"The requisites of such a bill are well understood. The bill must show a dispute between the adjoining proprietors as to the correct line and ordinarily the true line should be described or it should be alleged that the true line is unknown. Mobile County v. Taylor, 234 Ala. 167, 174 So. 301; Baldwin

560

v. Harrelson, 225 Ala. 386, 143 So. 558; Smith v. Cook, 220 Ala. 338, 124 So. 898."

And in Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517, 518, it is said:

"It is alleged in the bill that a dispute exists between complainant and respondents as to the true and correct boundary line between their respective properties. This gives equity to the bill in that aspect."

In Ford v. Beam, 241, Ala. 340, 2 So.2d 411, the Court said:

"The bill discloses that complainants and respondent are the owners of certain adjoining lots and that the boundary line between them is in dispute. This gives equity to the bill."

■ Appellant cites Winbourne v. Russell, 255 Ala. 158, 50 So.2d 721, and Wise v. Massee, 239 Ala. 559, 196 So. 275, 277, for the proposition that the bill must give such data "that a competent surveyor should have no difficulty in determining and marking the exact location of the line between the lands of said parties." Certainly that is a correct statement of the law, but the Court in the case of Wise v. Massee, supra, while holding that the description in the bill was not sufficient to maintain a bill to quiet title, held that the description was sufficient to maintain the aspect of the bill to define a boundary line. The description of the property in paragraph two of the complainant's bill complied with the requirements specified in Winbourne v. Russell, supra.

■ Paragraph four of complainant's bill sufficiently alleges that the boundary line is disputed and that the true boundary line is unknown, "and this averment is not a mere statement of a legal conclusion, but is a statement of an issuable and traversable fact. In this aspect the bill was sufficient." Wise v. Massee, supra.

We think the court acted correctly in overruling the demurrers to the bill.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.