65 So.2d 201

### WYNNE v. HALL et al.
### 1 Div. 533.

Supreme Court of Alabama.
May 14, 1953.

Wm. C. Taylor, Mobile, for appellant.

Gordon & Jansen, Mobile, for appellees.

MERRILL, Justice.

Appellees filed their bill in the Circuit Court, in Equity, of Mobile County to settle a disputed boundary line, pursuant to Chapter 2, Article 1, Title 47, and Title 13, section 129, Code 1940, and also prayed for a writ of injunction pendente lite to restrain respondent from obstructing a driveway alleged to be on complainants' property and near the disputed boundary line. The respondent appealed from the decree overruling demurrer to the bill.

Paragraphs two and three of the bill are as follows:

"2. That the complainants are the owners of and in possession of that certain real property situate in the City and County of Mobile, Alabama, and described as follows: 'Lot 41 Block 25

of Bon Air Subdivision as per plat thereof recorded in Deed Book 156, Page 530 of the records on file in the office of the Judge of the Probate Court, Mobile County, Alabama.'

"3. That the respondent, John J. Wynne, claims to own that certain lot or parcel of land situate in said City and County of Mobile, Alabama, which lies south of and adjacent to the above described property; and that the complainants and respondent are coterminous property owners; and that a dispute exists between them as to the true and correct boundary line between said parcels of real property claimed by them respectively."

■ These allegations are sufficient to give equity to the bill. They describe complainants' land with certainty, they show that complainants and respondent are coterminous property owners and that the lands are adjacent, and that a dispute exists as to the true and correct boundary line between the parcels of land, and describe the true line. Steele v. McCurdy, Ala.Sup., 63 So.2d 704;[1] Ballard v. W. T. Smith Lumber Co., Ala.Sup., 63 So.2d 376;[2] Blalock v. Johnson, 256 Ala. 349, 54 So.2d 611; Winbourne v. Russell, 255 Ala. 158, 50 So.2d 721; Ford v. Beam, 241 Ala. 340, 2 So.2d 411; Wise v. Massee, 239 Ala. 559, 196 So. 275; Smith v. Cook, 220 Ala. 338, 124 So. 898.

In the case of Irwin Fishing & Hunting Club v. Cobb, 235 Ala. 394, 179 So. 183, 184, which is similar to the instant case, in that it was founded on a boundary line dispute and an injunction was asked for to restrain the respondent from cutting or removing timber, the Court said:

"But the right to an injunction here is based upon the principle that pending a suit in equity or an action at law an injunction will ordinarily be granted and retained to preserve in statu quo the property involved until a final settlement of the right is made. Rice v. Davidson, 206 Ala. 226, 89 So. 600; Thompson v. Johnson, 201 Ala. 315, 78 So. 91; Mobile County v. Knapp, 200

1. 258 Ala. 558.

2. 258 Ala. 436.

Ala. 114, 75 So. 881; Driver v. New, 175 Ala. 655, 57 So. 437; Goodson v. Stewart, 149 Ala. 106, 42 So. 1019; Chappell v. Roberts, 140 Ala. 324, 37 So. 241; 32 Corpus Juris 125."

And the Court in the case of Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517, stated that the issuing of an injunction to enjoin the obstruction of an easement was incidental to the equitable power of the court to establish a disputed boundary line.

 Appellant cites and argues two cases: Ashurst v. McKenzie, 92 Ala. 484, 9 So. 262, and Jasper v. Eddins, 208 Ala. 431, 94 So. 516, for the propositions that complainant cannot maintain a bill to establish disputed boundaries when such bill shows that he is in possession of all the land claimed because he has an adequate remedy at law, and that the bill must aver that the boundary line is confused or has been obliterated, or show some independent equity.

These propositions are no longer the law. The 1923 Legislature amended section 3052, now Title 13, section 129, subsection 5, to read as follows: "5. To establish and define uncertain or disputed boundary lines, *whether the bill contains an independent equity or not.*" (The amendment consisted of the italicized portion of subsection 5.) General Acts of Alabama of 1923, page 764. See Yauger v. Taylor, 218 Ala. 235, 118 So. 271. Also sections 6439, 6440 and 6441 of the Code of 1923, now Title 47, Chapter 2, Article 1, sections 2, 3 and 4, were added to the law by the adoption of the 1923 Code. Therefore, the cases of Ashurst v. McKenzie and Jasper v. Eddins, supra, are no longer appropriate authorities in so far as they relate to disputed boundary lines.

One other point presented by appellant's demurrer was that the bill was not sufficient against demurrer because it did not offer to do equity. This proposition is answered in Head v. Carroll, 230 Ala. 688, 163 So. 328, where it was said:

"They insist that their demurrer to the bill should have been sustained because it does not offer to do equity, and submit to the jurisdiction of the court. But it does not disclose that there is anything in particular which complainant should offer to do as a condition to the relief which he seeks. This is only necessary when it discloses that there is something on his part to be done which in equity ought to be done to entitle him to relief. Davis v. Anderson, 218 Ala. 557, 119 So. 670; Sumners v. Jordan, 220 Ala. 402, 125 So. 642; Shaddix v. National Surety Co., 221 Ala. 268, 128 So. 220; Holman v. Harper, 223 Ala. 100, 134 So. 863; Gill Printing Co. v. Goodman, 224 Ala. 97, 139 So. 250. No such condition appears from the bill."

The decree of the trial court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.