90 So.2d 256

**A. B. DAVIS**

v.

**A. G. WELLS.**

8 Div. 876.

Supreme Court of Alabama.

Nov. 1, 1956.

H. G. Bailey, Boaz, for appellant.

Marion F. Lusk, Guntersville, for appellee.

## PER CURIAM.

This is a boundary line dispute in equity. Appellee was the complainant and appellant the respondent in the court below. Complainant's land is immediately north of respondent's. There is also a tract north of complainant's land. The three tracts were in one body and owned by Z. G. Wells at the time of his death which occurred prior to February 15, 1923. On that day his widow and heirs undertook to divide the entire area into three tracts and executed a deed to W. T. Wells (one of the heirs) to the northern portion, to J. R. Wells to the middle portion (now owned by complainant), and a deed to L. E. Wells to the southern portion (now owned by respondent). A crude drawing was attached to the deeds to J. R. Wells and to L. E. Wells, respectively. The deed to W. T. Wells, conveying the northern portion, did not contain a drawing, but it described the area as bounded by a line beginning at a point "p" as shown by a certain recorded map which was introduced in evidence. That point is not so marked on the drawings attached

to the other deeds but it is clearly identifiable. The deed to W. T. Wells describes the point designated "p" as "24.16 chains north of the half mile corner on the south line of the section" thence extending west, thence north, thence southeast to corner, thence south 9.06 chains to the starting point.

On the same day the heirs deeded to J. R. Wells (the father of complainant) the middle tract, describing it as beginning at a point "n" as shown by the attached drawing, which is south of point "p", supra, and on the same section line, declaring that point "n" is 12.8 chains north of said half mile corner. The location of point "n" is important in this controversy. (Later on March 22, 1930, J. R. Wells conveyed to complainant by the same description).

The deed executed on February 15, 1923 to L. E. Wells (under whom respondent claims by deed dated October 2, 1933) described the south portion as beginning at the point "k", as shown on the drawing, which is the "half mile corner on the south line of the section", thence west a number of chains, thence north 12.8 chains, thence east to "n", thence south 12.8 chains to the beginning point.

These descriptions do not jibe. They describe the south line of the northern area as 24.16 chains north of the half section corner. If the south line of the northern lot was 24.16 chains from the south line of the southern lot, one-half of that would be 12.08 chains and not 12.8 chains. That is a difference of .72 chains,—a chain being sixty-six feet,—or a difference of 47.52 feet. If the deeds to L. E. Wells and J. R. Wells, respectively, are given full force as to the area described, it would take off that much from the northern lot deeded to W. T. Wells; and there is not sufficient land to meet the descriptions of the three lots. The controversy here is between A. G. Wells, succeeding to the middle area, and A. B. Davis, succeeding to the southern area, on the assumption that the starting point "p" of the northern area is 24.16

chains north of the half section corner on the south. Both parties to this suit claim to have had possession of the disputed area for over twenty years before this suit was begun.

The trial court, on testimony taken by deposition, ordered a correction of the description in the respective deeds so as "to read 12.08 chains in lieu of the figures 12.8 wherever they appear in the respective descriptions of the lands described in the complaint," and (2) made a description of the connecting boundary line so that it will be 12.08 chains instead of 12.8 chains from the south line of the section.

There had previously been a decree overruling a demurrer to the bill. The assignments of error include the ruling on the demurrer, the reformation of the deeds, and the location of the disputed boundary line.

■ Appellant's brief does not specify the respective assignments of error to which the arguments are directed as required by Supreme Court Rule 9(10), Code 1940, Tit. 7 Appendix. Christian v. Fidelity & Casualty Co. of New York, 264 Ala. 616, 88 So.2d 840; Shelby County v. Hatfield, 264 Ala. 488, 88 So.2d 842. But where the brief shows inherently and clearly to what assignments the respective arguments are directed, the court exercises discretion to give consideration to them especially when opposing counsel do not seem to be misled or troubled by that status of the brief.

■ Appellant has cited Ashurst v. McKenzie, 92 Ala. 484, 9 So. 262, under a statement that complainant cannot maintain a bill in equity to establish a disputed boundary line when the bill shows that complainant is in possession of the disputed area. Since that decision, equity jurisdiction has been given by statute without the common law restrictions on its jurisdiction in that connection. Title 47, section 2, Code of 1940, (6439, Code of 1923); Title 13, section 129(5), Code.

It was held in Wynne v. Hall, 259 Ala. 5, 65 So.2d 201 (as well as many other cases), that a bill in equity to settle a disputed boundary line is sufficient when it describes the land of both parties showing that they are coterminous owners, and alleges that a dispute exists as to the true and correct boundary line between them and describes such line according to complainant's contention; and held that Ashurst v. McKenzie, supra, and Jasper v. Eddins, 208 Ala. 431, 94 So. 516, are no longer effective. Complainant's contention is based upon adverse possession. See McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160.

The demurrer raises no question as to a reformation of the deeds so as to correct the description in them, and the bill does not seek such reformation. There was no error in overruling the demurrer to the bill as the same is here presented for review.

Appellant also argues that the evidence does not justify a reformation of the deeds based on the prayer for general relief so as to correct the description as ordered and decreed by the court. It is not argued by appellant that the bill is not sufficient in its averments or prayer to justify such relief or that the necessary parties are not before the court. The bill alleges that the scrivener in drafting the deed to complainant on March 22, 1930, made an error in describing the distance from "n" to the half mile corner on the south line of the section to be 12.8 chains when in truth and fact it was 12.08 chains, and that the scrivener in drafting the deed to respondent on October 2, 1933, made a mistake in describing the distance from "*l*" to "m" and the distance from "n" to "k" which were each referred to as 12.8 when in truth and fact such distance was 12.08 chains. The bill does not refer to any error in the deeds to J. R. Wells on February 15, 1923 (under whom complainant claims), or to L. E. Wells (under whom respondent claims).

There is no prayer for a reformation, but the special prayer for relief is only to settle and fix the boundary line. There was a prayer for general relief. The decree of the court ordered a reformation "that the deeds under which complainant and respondent hold their present titles to the property in controversy be and the same are corrected", etc. This was assigned as error. The assignment is referable to the terms of the decree. The decree is referable to the terms of the bill. The bill refers to a mistake only as to the deeds to the complainant and respondent, respectively, (not to the deeds to their grantors on February 15, 1923). So that the court is reforming deeds without making the grantors in them parties and without reference to the prior deeds.

A bill to reform a prior deed when the complainant is a remote grantee is controlled by section 133 et seq., Title 47, Code, to meet the hardships of Goulding Fertilizer Co. v. Blanchard, 178 Ala. 298, 59 So. 485. But that does not here apply because the alleged error consists in the deeds to complainant and respondent, respectively. Only the parties to a deed or their privies have such right to reform, and it can only be granted against the grantor or his privies. One not a party to a deed or in privity with a party cannot reform. Skelton v. Tyner, 247 Ala. 511, 25 So.2d 160. Neither the grantor nor his privy is made a party. The bill as one to reform may be otherwise insufficient, not now analyzed for that purpose. The evidence shows nothing as to an error made by the scrivener in drawing up the deed to complainant dated March 22, 1930, nor the deed to respondent dated October 2, 1933.

We think the court was without power to reform the deeds in question, and to that extent the decree is void for want of jurisdiction but not subject to reversal on this appeal.

Complainant's claim, as here presented, is dependent entirely upon adverse possession for ten years, McNeil v. Hadden, 261 Ala. 691, 76 So.2d 160, or the prescrip-

**154**

tive period of twenty years. Respondent has a deed from the common source and his title must be taken as here conclusive unless complainant has acquired a right by possession as above indicated. The burden of proof is upon the complainant. But he need not have color of title nor one of the other requirements of section 828, Title 7, Code. The evidence, we think in agreement with the trial court, does show that in drafting the deeds to J. R. Wells and L. E. Wells, respectively, in dividing the land on February 15, 1923, there was an error made in describing the middle boundary line as being 12.8 chains north of the half mile corner of the south section line. The combined width of both lots was 24.16 chains. The effort was to divide it in equal parts. That would make each 12.08 chains wide. While we cannot support the reformation as decreed by the court, proof of such error is admissible upon the issue of adverse possession. It has a supportive influence as to whether complainant's possession was under claim of ownership and was adverse.

We see no useful purpose in analyzing the evidence. But it is sufficient to say that we think complainant met the burden by showing his possession of the disputed strip for ten and twenty years before this suit was begun. On the basis of that conclusion, there was no error in fixing and marking the boundary line as set forth in the final decree.

The final decree should be modified to the extent it undertook to reform certain deeds, but otherwise should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Modified and affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.