94 So.2d 868

**Jim D. WHITEHURST**

v.

**Nathaniel O. KILPATRICK et al.**

4 Div. 915.

Supreme Court of Alabama.

April 25, 1957.

Baldwin & Baldwin, Andalusia, for appellant.

Ed H. Brogden, Andalusia, for appellees.

GOODWYN, Justice.

This is an appeal by Jim D. Whitehurst, respondent below, from a decree of the circuit court of Covington County, in equity, overruling his demurrer to a bill filed by Nathaniel O. and Ernest A. Kilpatrick to establish alleged disputed boundary lines between their respective tracts of land.

The bill, to the extent here material, alleges the following:

"2. That Complainants own certain Real Estate in Covington County, Alabama, which is described as follows:

"The Southwest Quarter (SW ¼ of Southeast Quarter (SE ¼) of Section 34, Township Five North, Range 16 East; the said Nathaniel O. Kilpatrick being the owner of the North half of said forty, and Complainant Ernest A. Kilpatrick being the owner of the South half of the said forty.

"That Respondent Jim D. Whitehurst is the owner of the following described property:

"The Southeast Quarter (SE ¼) of the Southeast Quarter (SE ¼) of Section 34, Township Five North, Range 16 East.

"3. That the East boundary of these Complainants' property being the West boundary line of Respondent's property is involved in a dispute between these Complainants and Respondent. That shortly prior to the filing of this Bill of Complaint the Respondent stranded barbed wire along the property of these Complainants, about to-wit Thirty-three (33) yards West of the true line between these Complainants and Respondent.

"That Complainants and the Respondent are Co-Terminous owners of the Real Estate as above set forth and the Respondent is actually attempting to encroach on the property of these Complainants and has in fact trespassed thereon.

"4. That this Court should settle this boundary dispute between these Co-Terminous owners and should appoint a competent and disinterested land surveyor to locate and establish the true boundary line between the property belonging to Complainants and Respondent and should place a judicial marker at each corner, enjoining Respondent from trespassing on Complainants' property."

The prayer for relief is that the court appoint "a competent and disinterested surveyor to establish the co-terminous boundary between these parties"; and "that respondent, after a final hearing, be permanently enjoined and restrained from trespassing on the property of these complainants". There is also a prayer for general relief.

It is insisted by appellant that his demurrer was well-taken on two grounds, viz.:

I. That "there is a complete absence of any allegation showing that the boundary line of the property owned by either the complainants or the respondent is in any way uncertain or being disputed"; that "it affirmatively appears, on the contrary, that there is no question as to the proper location of the boundary between these parties, as the complainants allege that the respondent has 'stranded barbed wire along the property of these complainants, about to-wit, thirty-three (33) yards west of the true line between these complainants and respondent'", and that " 'respondent is actually attempting to encroach on the property of these complainants and has in fact trespassed thereon'"; that since the bill "reveals that there is no dispute as to the true boundary line" the bill "is an attempt to invoke equity jurisdiction as a substitute for an action of ejectment."

II. That the bill is multifarious because "it attempts to settle two separate and distinct boundary lines in one suit"; that is, each complainant is alleged to be the owner of a separate and distinct tract of land and it is not shown that either owns any interest in the lands of the other.

**I.**

■ It is obvious that the bill is brought under the authority of Code 1940, Tit. 13, § 129, subdiv. 5, and Tit. 47, §§ 2–4, to establish and define a disputed or uncertain boundary line between coterminous landowners. It seems to us that the bill follows substantially the requirements of these statutes. Its allegations show that the parties are coterminous landowners and that the boundary lines between their lands are "involved in a dispute" between the complainants and respondent. It is to be noted that the jurisdiction of circuit courts as to equity matters includes the power "to establish and define uncertain or disputed boundary lines, whether the bill contains an independent equity or not". Section 129, subdiv. 5, Tit. 13, supra. We think the allegation in the bill that the boundary lines are "involved in a dispute" between the parties is sufficient to give the equity court jurisdiction. Wynne v. Hall, 259 Ala. 5, 6, 7, 65 So.2d 201; Ballard v. W. T. Smith Lumber Co., 258 Ala. 436, 438, 439, 63 So.2d 376; Steele v. McCurdy, 258 Ala. 558, 559, 560, 63 So.2d 704; Winbourne v. Russell, 255 Ala. 158, 159, 50 So.2d 721; Wise v. Massee, 239 Ala. 559, 561–562, 196 So. 275.

From Ballard v. W. T. Smith Lumber Co., supra [258 Ala. 436, 63 So.2d 377], it is said:

"There can be no question of the jurisdiction of the equity court in this case to establish or define uncertain or disputed boundary lines between co-terminous landowners. This jurisdiction is given to the circuit court, in equity, by statute and such jurisdiction is given without the necessity of alleging an independent equity. Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517; Drewry v. Cowart, 250 Ala. 406, 34 So.2d 687; § 129, subdivision 5, Title 13, Code of 1940; §§ 2–4, Title 47, Code of 1940.

\* \* \* \* \* \*

"In regard to the sufficiency of the bill of complaint to confer jurisdiction on the court in cases of the type now before the court, the court in Smith v. Cook, 220 Ala. 338, 124 So. 898, 899, said: '\* \* \* and that since the present enactment (Code 1923, § 6465, subd. 5) [§ 129, subd. 5, Tit. 13, Code 1940] no other allegations are neces-

sary to confer jurisdiction, even on demurrer, than to follow the requirements of the statute. The bill certainly shows a dispute and an issue between the parties. This is a requirement of the statute.'"

The following from Wynne v. Hall, supra [259 Ala. 5, 65 So.2d 202], is equally applicable to the instant case, viz:

"These allegations are sufficient to give equity to the bill. They describe complainants' land with certainty, they show that complainants and respondent are coterminous property owners and that the lands are adjacent, and that a dispute exists as to the true and correct boundary line between the parcels of land, and describe the true line. Steele v. McCurdy, Ala.Sup. [258 Ala. 558], 63 So.2d 704; Ballard v. W. T. Smith Lumber Co., Ala.Sup. [258 Ala. 436], 63 So.2d 376; Blalock v. Johnson, 256 Ala. 349, 54 So.2d 611; Winbourne v. Russell, 255 Ala. 158, 50 So. 2d 721; Ford v. Beam, 241 Ala. 340, 2 So.2d 411; Wise v. Massee, 239 Ala. 559, 196 So. 275; Smith v. Cook, 220 Ala. 338, 124 So. 898."

In Winbourne v. Russell, supra [225 Ala. 158, 50 So.2d 722], it is said that "the bill must give such data that a competent surveyor should have no difficulty in determining and marking the exact location of the line between the lands of the parties." The bill now before us clearly shows that the true boundary line between the lands of the parties is dependent on the location on the ground of specified government survey lines. From the data thus given a competent surveyor should have no difficulty in determining and marking the exact location of the line between the lands of the parties. As said in Wise v. Massee, supra [239 Ala. 559, 196 So. 277]:

"This is all the law requires with respect to the sufficiency of description of the true boundary line in a bill filed under the provisions of Section 6465 of the Code [of 1923; § 129, subdiv. 5, Tit. 13, Code 1940, supra] to establish and define an uncertain or disputed boundary line between coterminous landowners."

## II.

We do not think the bill is multifarious, as charged by appellant. Section 3, Tit. 47, supra, provides as follows: "* * * when the boundary lines of two or more tracts depend upon the same common point, line or landmark, an action may be brought by the owner or any person interested in any of such tracts, against the owners or persons interested in the other tracts, to have all the boundary lines established." While it may be argued that this does not specifically authorize the joinder, as complainants, of several owners of separate and distinct tracts against the owner of a single adjoining tract, but only authorizes a suit by the owner or owners of a single tract against the owners of the other tracts, we nevertheless think the obvious purpose of the quoted provision is to authorize the settlement of a disputed boundary line in a suit brought by the owners of more than one tract, as in the case we have before us. It affirmatively appears from the bill that the respondent owns the land adjoining both tracts owned by complainants and that the boundary lines between respondent's land and the lands owned by complainants "depend upon the same common point, line or landmark." If the respondent, under the above provision of Section 3, could have brought the suit against both of the complainants to establish the disputed boundary line, is there good reason why the two complainants should not be permitted to bring a joint action against respondent to establish the common boundary line between their tracts of land and the tract owned by respondent?

In Jarrett v. Hagedorn, 237 Ala. 66, 69, 185 So. 401, 403, in referring to § 6526, Code 1923, now enlarged by Equity Rule 15, Tit. 7, Code 1940, Appendix, this court said:

"The multifarious statute sanctions that each case is to be judged by its particular facts as disclosed by consideration of the whole bill, discouraging the objection where it would defeat the ends of justice and make for a multiplicity of suits."

When tested by this rule, and having in mind that the question of multifariousness "is left in a large measure to the sound discretion of the court", Ford v. Borders, 200 Ala. 70, 72, 75 So. 398, 400, we cannot say that the trial court erred in holding that the instant bill is not multifarious.

The decree overruling the demurrer to the bill is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.