148 So.2d 622

**Kizzie HENDERSON**

v.

**Grover ELLIOTT.**

**6 Div. 875.**

Supreme Court of Alabama.

Jan. 10, 1963.

**340**

Fite & Fite, Hamilton, for appellant.

M. C. Hollis, Jr., Winfield, for appellee.

LAWSON, Justice.

This is a suit in equity by appellee, complainant below, against appellant, respondent below, to establish and define a disputed boundary line between adjoining lands. Code 1940, Title 13, § 129(5); Title 47, §§ 2–4.

The appeal is from a final decree with error assigned in regard to the court's decree overruling demurrer.

The demurrer challenged the sufficiency of the amended bill as one to define a disputed boundary line for its asserted failure to point out or designate the true boundary line between complainant's land and that of respondent.

A bill to settle a disputed boundary line between coterminous landowners filed under the statutory provisions cited above must show a dispute between the adjoining proprietors as to the correct line and ordinarily the true line should be described or it should be alleged that the true line is unknown. Blalock v. Johnson, 256 Ala. 349, 54 So.2d 611, and cases cited.

A bill which alleges that the complainant and respondent are coterminous owners and gives data from which a competent surveyor can determine the exact location of the line between the lands sufficiently describes the true boundary line. Comer v. Limbaugh, 256 Ala. 655, 57 So.2d 72, and cases cited; Winbourne v. Russell, 255 Ala. 158, 50 So.2d 721; Whitehurst v. Kilpatrick, 266 Ala. 150, 94 So.2d 868.

The bill to the extent here material alleges:

"2. That your complainant, GROVER ELLIOTT, is the owner and in possession of that certain parcel of real property located and situated in the City of Winfield, County of Marion and State of Alabama, and more particularly described as follows:

"One (1) acre of land more or less, located and situated in the Southeast

corner of the SW ¼ of the NW ¼, Section 10, Township 13, Range 12, in Marion County. Also, any and all buildings thereon.

"3. That the respondents, KIZZIE HENDERSON and IRA HENDERSON are the owners of a certain piece of real property lying East of and adjacent to the above described property of the Complainant.

"4. That a dispute exists between Complainant and the Respondents as to the true and correct boundary line between their respective properties and the boundary line between the property of the said GROVER ELLIOTT and the property of the said KIZZIE HENDERSON AND IRA HENDERSON.

"5. Complainant further avers that the boundary line between his property and the property of the Respondents is in dispute; that the true and correct boundary line between said properties is a line beginning at a point 208.71 feet East of the Northwest corner of the above described property of Complainant's thence running South and parallel to the West boundary line of Complainant's property above described a distance of 208.71 feet."

Ira Henderson was amended out as a party respondent, thereby leaving the complainant and the respondent Kizzie Henderson as the coterminous landowners.

The amended bill sufficiently avers that the complainant, Grover Elliott, and the respondent, Kizzie Henderson, are coterminous landowners and that there is a dispute between them as to the location of the true boundary line.

The question remains as to whether the bill gives data sufficient to enable a competent surveyor to determine the exact location of the line between the lands of the complainant and the respondent. We are of the opinion that the bill is sufficient in that respect.

Complainant's deed calls for a quadrangle containing one acre of land of equal sides in the southeast corner of the SW ¼ of the NW ¼ of the named section. Wilkinson v. Roper, 74 Ala. 140; Louisville & N. R. R. Co. v. Boykin, 76 Ala. 560; Doe ex dem. Hooper v. Clayton, 81 Ala. 391, 2 So. 24; Green v. Jordan, 83 Ala. 220, 3 So. 513; Gaston v. Weir, 84 Ala. 193, 4 So. 258. See Carling v. Wilson, 177 Ala. 85, 58 So. 417.

The above-mentioned southeast corner is a fixed starting point from which a surveyor could locate the northwest corner of the complainant's lot, which corner is mentioned in the description in the instant bill. From the said northwest corner the surveyor could then run east a distance of 208.71 feet to arrive at the northeast corner of the complainant's lot and from that point run south the same number of feet to the southeast corner of the lot. This last-mentioned line, according to the averments of the bill, is the true boundary line between the complainant's property on the west and that of the respondent, Kizzie Henderson, on the east.

The trial court in the final decree ignored the description contained in the amended bill and fixed the "true boundary line between the property of Complainant and defendant" as follows:

"Beginning in the southeast corner of the SW ¼ of NW ¼ of Section 10, Township 13, Range 12, in Marion County, Alabama, thence run west along the south boundary of said 40, a distance of 208.713 feet to a point, thence run north and parallel to the east boundary of said 40 a distance of 208.-713 feet and to a point."

The line as fixed by the trial court follows the proof which was to the effect that the respondent's property is west of the complainant's property rather than east of it, as was alleged in the bill.

However, the bill was not amended to meet the proof in that respect and we feel constrained to reverse the decree in order to give an opportunity for the bill to be amended so that the true line between the lands of these parties may be correctly determined. In Snodgrass v. Snodgrass,

212 Ala. 74, 76, 101 So. 837, we said, in part: "When the subject of the litigation is real property, it is important that the proof be confined to the allegata, and without allegation the proof is unavailing."

As we have shown, the deed of the complainant on its face must be construed to convey one acre, in the southeast corner of the forty, lying in a square, bounded by four equal sides. Wilkinson v. Roper, supra; Green v. Jordan, supra. However, we think that in a proper proceeding, with the necessary parties before the court, the description could be reformed so as to show the exact tract of land which the grantor and the grantee agreed upon. Gaston v. Weir, supra; Houston v. Faul, 86 Ala. 232, 5 So. 433; Peacock v. Bethea, 151 Ala. 141, 43 So. 864; Davis v. Wells, 265 Ala. 149, 90 So.2d 256.

For the reason indicated, the decree of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.