FAULKNER, Justice.
Appellant appeals from denial of his motion to dismiss and denial of his motion for new trial by the trial court. We affirm.
Plaintiffs, Randolph Nichols and Celeste Nichols, filed a verified bill of complaint in rem under the provisions of Code of Alabama 1940, as amended, Title 7, Section 1109 et seq. (Code of Alabama 1975, §§ 6-6-560, et seq.), to quiet title to a parcel of land located in Clarke County, Alabama. The complaint contained, in part, the following description of the property:
“Fifty one (51) acres Metes and Bounds in Fractional Section 24, Township 5, Range 1 East, containing 51 acres, more or less, which land is also described as: Commencing at the SE corner of the land now or formerly owned by Alex Fields, and running thence North along the East line of the said Alex Fields’ land to the Tom-bigbee River, thence Northeasterly up said River, to the West line of the land commonly known as the Callie Mit May land, thence South along the said West line of the. Callie Mit May land to the North line of the land now owned by Cobb Nichols, thence West along said North line of the Cobb Nichols land to the Tombigbee River, thence up said River to the place of beginning, in Section 24, Township 5 North, Range 1 East, containing 51 acres, more or less, and being the land conveyed or intended to be conveyed by that certain Deed dated February 7, 1947, and recorded in Deed Record 324, at Page 185, in the Office of the Judge of Probate, Clarke County, Alabama.”
Earl Jones filed a motion to intervene as a party defendant on the grounds that he was an adjoining landowner and that the property description in plaintiffs’ complaint was so indefinite that his property interest adjacent to the land claimed by plaintiffs might be impaired. The court granted Jones’s motion to intervene. Jones was the only defendant who came forward to assert an interest in the subject property.
Jones then filed a motion to dismiss, claiming that (1) the property description was indefinite and the boundaries of the property could not be determined by governmental subdivisions and (2) in lieu of dismissal, plaintiffs should be made to employ a registered surveyor to survey and plat the property according to governmental subdivisions. The trial cqurt denied Jones’s motion.
Jones then filed his answer, alleging that the description of the property contained in the complaint was indefinite and claiming an undivided %>th interest in the property. Jones and the Nicholses traced ownership in their respective parcels from a single parcel of land previously owned by one Lucy Hughes. Apparently, under Mrs. Hughes’s ownership, the land was ■ subdivided into two parcels and each parcel separately conveyed.
The parties entered into a stipulation on January 26,1978, whereby Ralph A. McVay, a registered surveyor, would survey and plat the “fifty-one acre tract described in the complaint.” Further, under the stipulation, once the survey was prepared, filed, and confirmed by the court, Jones would have “no claim whatsoever to the fifty-one acres described in and shown by the said plat” and plaintiffs would have “no claim to any land formerly belonging to the Estate of Lucy Hughes other than the fifty-one acre tract as surveyed.”
McVay declined to make the survey and the parties agreed that Cecil Clyde Turner, a registered surveyor, would survey the property. The court entered an order appointing Turner to make the stipulated survey and plat. In its order to the surveyor, the court included the description of the property, as set out above, and gave Turner specific and detailed instructions as to how to proceed in making the survey and plat.
The survey was made and the plat thereof filed with, and approved by, the court. The completed survey showed that the parcel contained 58.62 acres of land rather than 51 acres of land as stated in the complaint and stipulation.
*723 The record indicates, by stipulation dated August 2,1982, that the trial judge brought it to the attention of both parties that the parcel, as surveyed, contained 58.62 acres rather than 51 acres. The judge stated:
“The only land which the Nicholses are claiming, formerly belonging to the estate of Lucy Hughes, that they are claiming title to is the fifty eight acres (58 acres). I think that’s in line with the spirit of that agreement.”
Both parties agreed with these statements by the judge. The judge further indicated that it might be necessary for plaintiffs to amend their complaint to conform to the results of the survey.
The trial court then entered its final order on August 2,1982, at the same time the above stipulation was filed. In its order, the court decreed that, pursuant to the stipulation of January 26,1978, plaintiffs, Randolph and Celeste Nichols, would have title to the 58.62 acres as surveyed and platted by Cecil Clyde Turner and, as between plaintiffs and defendant Earl Jones, plaintiffs would have no claim or title to any land formerly belonging to the estate of Lucy Hughes other than the said 58.62 acres.
Jones then filed a motion for new trial, claiming that the order was contrary to the pleadings, stipulation, and evidence in the case and that the order was contrary to the law in the case. The trial court denied the motion.
Jones, as appellant, is now before this court alleging that the trial court erred in denying his motion to dismiss and in denying his motion for new trial.
Jones’s motion to dismiss alleged that the property description in the complaint was too indefinite and, in the alternative, requested that a survey be made of the property. Under the Code, a bill to quiet title “must describe with certainty the lands in controversy.” Code of Alabama 1940, Title 7, Section 1110. (Emphasis added.) This has long been interpreted to mean that the property description in a bill to quiet title “must be of a character sufficiently certain not only to identify the lands at the present time but always hereafter. The decrees in such cases are not intended to be presently executed but are to ‘stand for all time as muniments of title.’ ” Orso v. Cater, 268 Ala. 130, 105 So.2d 108 (1958); Wise v. Massee, 239 Ala. 559, 196 So. 275 (1940).
Although the words “more or less” contained in the description do not make it any less certain, see Touart v. Jett Brothers Contracting Company, 169 Ala. 638, 53 So. 751 (1910), the property description contained in respondent’s complaint does not refer to any governmental subdivision corner or other enduring landmark and, therefore, falls short of that “certain, continuous identification of the property necessary” in an action to quiet title. See Wise, supra, 239 Ala. at 561, 196 So. at 277, and cases cited therein. The motion to dismiss, therefore, should have been granted.
Error in overruling a motion to dismiss, however, is not always reversible error. It is established that if there is some defect of averment in the complaint, and there is evidence of the correct averment, both parties try the issue as though the proper allegation was made, the court correctly charges the law on the subject, and both parties introduce such relevant evidence as they desire, the ruling of the court in improperly overruling the motion to dismiss will not be reversed, because it was error without injury. ARAP, Rule 45; Western Railway of Alabama v. Brown, 280 Ala. 543, 555, 196 So.2d 392, 402-03 (1967); Turner v. Blanton, 277 Ala. 536, 540, 173 So.2d 80, 83 (1965), overruled on other grounds, 279 Ala. 340, 185 So.2d 132 (1966).
Here, the parties entered into a stipulation that the property be surveyed and that the survey and plat thereof serve as the definitive property description. The case was tried by the judge and a decree rendered pursuant to the stipulation.
We conclude that although the trial court erred in overruling the motion to dismiss due to an indefinite property description, the error was without injury, since the property description was later made defi *724 nite by the survey completed according to the stipulation agreed to by both parties.
Appellant further alleges that the trial court erred in denying his motion for new trial, on the premise that the trial court’s order is contrary to the stipulation entered into by the parties on January 26, 1978. Appellant asserts that the clear intent and purpose of that stipulation was to have a survey made of fifty-one acres of land and that, once made, appellees would have title to only fifty-one acres and no more. The completed survey, however, showed that the parcel described in the complaint contained 58.62 acres, rather than 51 acres; therefore, appellant argues, the trial court erred in giving appellees title to the entire 58.62 acres. Petitioner argues that, since the stipulation says fifty-one acres and respondents were given title to 58.62 acres, the trial court’s order is contrary to the stipulation as to the excess 7.62 acres.
We do not agree. The stipulation stated that a survey would be made of “the fifty-one acre tract of land described in the complaint.” The wording of that description clearly indicates that the acreage amount claimed therein was not intended to be definitive of appellants’ claim. At the outset, the complaint states that the parcel contains “51 acres, more or less.” The complaint then proceeds to describe the property by metes and bounds. The metes and bounds description makes reference to property lines of adjacent landowners and states that the parcel borders on the Tombigbee River. The complaint further describes the property as “containing 51 acres, more or less, and being the land conveyed or intended to be conveyed by that certain deed dated February 7, 1947 ... . ” The record indicates that appellees took the wording “51 acres, more or less” from the 1947 deed and that appellant had notice of this fact. Moreover, in his pleadings, appellant indicated that it was possible that the acreage amount had changed, perhaps due to avulsion of the Tombigbee River. It is apparent that both parties understood that the land described in the complaint might actually contain more or less than 51 acres of land.
Furthermore, the record shows, in a stipulation dated August 2, 1982, that the trial judge apprised both parties of the increased acreage under the completed survey, stating that the “land which the Nicholses ... are claiming title to is the fifty-eight acres.” The judge stated that this “was in line with the spirit of that agreement”.(the January 26, 1978 stipulation), and each party acknowledged that he agreed with the judge’s comments.
A review of the record, and particularly these facts, leads us to the conclusion that the true intent and purpose of the stipulation, as understood by both parties, was that the parcel of land described in the complaint would be surveyed and a plat made from the survey, that the survey and plat would establish the boundaries of the land with reference to a section corner or to a governmental subdivision corner, and that the survey would determine the exact amount of acreage and the boundaries of the parcel which appellees claimed and to which appellant would have no claim. The fact that both parties agreed with the trial judge that the Nicholses’ claim to 58.62 acres was in line with the spirit of the stipulation indicates that both the appellees and the appellant understood this to be the intention and purpose of the stipulation.
The trial court gave title to the 58.62 acres of land to appellees and ordered that appellant would have no claim to any of the land contained in the survey and that appel-lees would have no claim to any other lands formerly belonging to the estate of Lucy Hughes. This order conforms to the stipulation entered into between the parties; therefore, the trial court did not err in denying appellant’s motion for new trial.
Furthermore, although the trial judge suggested that appellees amend the property description in their complaint to conform to the survey, appellees’ failure to so amend is not grounds for granting a new trial. Under Rule 15(b), ARCP, amendment of the pleadings is not required in every instance. Pursuant to this rule, “where evidence is introduced or an issue raised with the express consent of the other party or *725 without objection from him, the pleadings shall be deemed to conform to the evidence under Rule 15(b), ARCP.” Mims v. Citizens Bank of Prattville, 372 So.2d 311, 313 (Ala. 1979). Here the issue of title to the 58.62-acre parcel was tried with implied consent of the parties and no objection was raised. There is no doubt that the Nicholses could have amended their complaint to conform to the survey. While a motion to amend the description in the complaint would have been preferred, we believe that the issue was sufficiently raised in the presentation of the evidence. Thus, there was no reversible error in appellees’ failure to amend this complaint. Appellant’s motion for new trial was properly denied.
We have carefully reviewed the record and briefs of both parties and are clear to the conclusion that there was no reversible error in the trial court’s denial of appellants motion to dismiss, nor in its denial of appellants’ motion for a new trial. Accordingly, the judgment below must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.