130 So.2d 325

D. C. BALLARD et al.

v.

George RIDINGS et ux.

6 Div. 659.

Supreme Court of Alabama.

May 25, 1961.

Rankin Fite and Bill Fite, Hamilton, for appellants.

Nelson Vinson, Hamilton, for appellees.

COLEMAN, Justice.

This is an appeal from a decree overruling demurrer to a bill in equity in a suit to establish a disputed boundary line.

■ Appellants argue that the bill is without equity because it fails to aver that complainants and respondents are coterminous landowners.

The pertinent averments of the bill are as follows:

"3. That the Complainants and the Defendants together own the following described lands, to-wit: 'SW¼ of SW¼ of Section 36 that lies north of the Hamilton and Detroit Highway; S½ of NW¼ of SW¼ of Section 36; SE¼ of SE¼ that lies north of the Hamilton and Detroit Highway and S½ of NE¼ of SE¼ of Section 35, Township 10 south, Range 15 west.'

"4. The Complainants own all of the lands described in enumerated paragraph 3 herein that lie East of a wire fence known as the George Ridings Pasture Fence, the location of the said fence is described as follows, to-wit: 'Beginning at a point on the north right of way of said highway which point is 1358 feet west of and 53 feet north of the Southeast corner of SW¼ of SW¼ of Section 36, Township 10 south, Range 15 west, which corner is described as a rock corner and a pine knot corner, thence run northerly along the said fence to the intersection of the said fence with a line which runs from the northeast corner of S½ of NW¼ of SW¼ of Section 36 to the northwest corner of S½ of NE¼ of SE¼ of Section 35, all in Township 10 south, Range 15 west.'

"5. That Defendant, Lyman Ballard, *ownes* all that part of the lands as described in enumerated paragraph 3 herein that lie West of the said George Ridings Pasture fence and south of a ditch which ditch is located 822 feet north of the intersection of said George Ridings Pasture Fence with said Detroit-Hamilton Highway, which measurement is made along the said George Ridings Pasture Fence. The said ditch runs in an easterly-westerly direction.

"6. Defendants, D. C. Ballard and Aldie Ballard jointly own all the lands described in enumerated paragraph 3 herein, that lie west of the said George Ridings Pasture Fence and north of the ditch as described in enumerated paragraph 5 herein.

"7. That the true boundary separating the lands of the Complainants from the lands of the Defendants is the said wire fence as described in enumerated paragraph 4 herein and which fence is also known as the George Ridings Pasture Fence.

"8. That the boundary on the west side of the lands of the Complainants and on the east side of the said defendants is in dispute between the Complainants and the defendants."

As the averments of the bill appear to us, complainants and respondents own, not as tenants in common or jointly but in severalty, their respective parcels of that portion of the 120 acres of land described in paragraph 3 which lies north of the specified highway. The complainants allege that the true west boundary of their land is the George Ridings Pasture Fence which runs from south to north between two designated terminal points. The fence is also alleged to be the true east boundary of the lands of respondents. The lands of respondents are divided into two parcels, one north and the other south of a ditch. The location of the ditch is sufficiently described. Respondent Lyman Ballard separately owns the parcel west of the fence and south of the ditch. Respondents D. C. and Aldie Ballard jointly own the parcel west of the fence and north of the ditch. Without difficulty, a plat may be drawn according to the averments of the bill. The plat shows that the parties are coterminous owners and that the fence is the common boundary.

A bill under Title 47, § 2 et seq., Code 1940, to settle a disputed boundary line between coterminous owners must show a dispute between the adjoining proprietors as to the correct line and, ordinarily, the true line should be described or it should be alleged that the true line is unknown. Blalock v. Johnson, 256 Ala. 349, 54 So.2d 611. The instant bill satisfies these requirements and the ground of demurrer argued by appellants is not well taken. Accordingly, the decree appealed from is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.